36643. PASS *v.* THE STATE.

DECIDED APRIL 11, 1957.

*Grady C. Pittard, Jr.,* for plaintiff in error.

*Preston M. Almand, Solicitor, Chappelle Matthews,* contra.

TOWNSEND, J. ■ The illegality or irregularity of a sentence is not a proper ground of a motion for a new trial, but should be directly assigned as error. *Daniel v. State,* 6 *Ga. App.* 164

(64 S. E. 574) ; *Montgomery* v. *State,* 40 *Ga. App.* 507 (150 S. E. 451). Accordingly, those grounds of the motion for new trial dealing with the form and substance of the sentence are not here considered.

■ The first special ground of the amended motion for a new trial complains that the trial court failed without request to instruct the jury as to what legally constitutes a right of way, this term being defined in the Uniform Traffic Act under the provisions of Code (Ann. Supp.) § 68-1504 (8) as "the privilege of the immediate use of the roadway." It is the duty of the trial court to charge upon every material issue in the case, and, under the evidence here, the only real question for decision was whether or not a motorist approaching on a highway had a greater right to the immediate use of his *left-hand side* of such highway than one turning into it from a private drive had to the latter's *right-hand side,* the undisputed evidence being to the effect that the defendant never crossed the center of the roadway as he turned in the direction from which the prosecutor, on the latter's left-hand side of the road, was approaching. Under such circumstances the question of who ought to yield the right of way is dependent upon a consideration of what the right of way is. In this connection see Code (Ann. Supp.) § 68-1633, providing that all vehicles shall be driven on the right half of the road except under circumstances having no application here. The importance of the question is intensified by the fact that a State trooper was allowed to testify (although on cross-examination and without objection) that in his opinion the prosecutor approaching on the highway was entitled to "the whole highway," that is both the right and left traffic lanes, as against a person turning into a highway in his own right lane. No doubt a lay jury would be inclined to give credence to such a statement when made by a law enforcement officer who claimed his opinion was based upon his experience and training, in the absence of any instructions from the court to the contrary. The statement was nevertheless erroneous, and the fact that it was the opinion of a police officer did not give it validity, this not being a country in which the police are given the power of making the law. Therefore, while counsel for the defendant should not have ex-

tended to the witness the invitation to offer such an opinion, the fact that it is in the record rendered extremely prejudicial the failure of the court to instruct the jury as to what constitutes a right of way. One cannot be convicted in a criminal case for failing to yield to another that to which such other is not entitled. A criminal trial for infraction of traffic laws does not involve such matters as the relative diligence or negligence of parties to a collision, but concerns only whether or not the defendant on trial is guilty of the violation with which he is charged. It was error for the trial court, under the facts of this case, to fail to instruct the jury in this connection.

The remaining special grounds are not passed on as they are either incomplete within themselves or unlikely to recur upon another trial.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*