### 23813. TURMON v. DEPARTMENT OF PUBLIC SAFETY.

DUCKWORTH, Chief Justice. 1. The contentions of the appellant that the Uniform Traffic Regulations Act (Ga. L. 1953, Nov. Sess., p. 556) is in irreconcilable conflict with the provisions of the Motor Vehicle Responsibility Act (Ga. L. 1951, p. 565), which confers upon the Director of Public Safety the

power to cancel driver's licenses is palpably without merit since Sec. 132 of the 1953 Act expressly states that among the laws not thereby repealed or affected are: (1) licenses for motor vehicle operators; (2) creation and duties of the Department of Public Safety; and (3) motor vehicle safety responsibility, except to the extent that accident reporting provisions are modified therein.

2. The duties and actions of the Department of Public Safety in suspending licenses where there is neither insurance nor financial ability to compensate others for damages from accident are all clearly administrative, and the contention that they are judicial in violation of Art. I, Sec. I, Par. XXIII of the Constitution (*Code Ann.* § 2-123; Const. of 1945), is clearly without merit. Another complaint that is made is that the department refused to consider evidence as to who was responsible, which would be judicial. The Act authorizes judicial review of all administrative actions by the department, and no violation of the constitutional requirements of due process is shown.

3. Finally, no one is privileged to operate a motor vehicle upon the public roads without complying with the conditions prescribed by law. It is too late to protect innocent victims of wrecks caused by such operators after the injury has been done and the licensee is wholly unprepared to pay damages caused by him. The 1951 Act points the way to get so prepared, and it attaches the penalty of withdrawing the license when the licensee is not prepared and is involved in a wreck. The law is wise, just and valid, and the Department of Public Safety deserves full support in its enforcement.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 12, 1966—DECIDED JANUARY 5, 1967.

*Joseph B. McGinty*, for appellant.

*Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Hardaway Young*, for appellee.