43845.   BURSON, Director v. JOHNSON:

ARGUED SEPTEMBER 5, 1968—DECIDED SEPTEMBER 24, 1968.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellant.

*Anderson & Trapnell, J. C. Trapnell,* for appellee.

QUILLIAN, Judge.   The issue for determination is whether the court was authorized to enter the judgment allowing the appellee to operate a motor vehicle for business purposes only.

*Code Ann.* § 92A-605 (Ga. L. 1951, pp. 565, 568; as last amended by Ga. L. 1964, pp. 225, 227) provides in part: "The Director shall suspend the license and all registration certificates and all registration plates of the operator and owner of any motor vehicle in any manner involved in the accident unless or until the operator or owner has previously furnished or immediately furnishes security, sufficient in the judgment of the Director to satisfy any judgment for damages or injuries resulting from the accident as may be recovered against the operator or owner by or on behalf of any person aggrieved or his legal representative, but in no event in any amount less than the combined amount of damages, for both personal and property injury, sworn to in the report or notice of the accident filed by the aggrieved party, and unless such operator or owner or both shall give and maintain proof of financial responsibility."

Under the provisions of the above statute it is mandatory that the Director of Public Safety revoke such a person's license. Such license may be re-instated only if the driver shows proof of financial responsibility as required by law or it is shown that he comes within one of the exceptions of *Code Ann.* § 92A-605 (c) or § 92A-606. In the present case the licensee testified that to perform his employment it was necessary for him to have a driver's license. However, it is undisputed that he had not furnished security sufficient to satisfy any judgment for damages that might be recovered against him resulting from the collision and had therefore not complied with the conditions precedent, as provided in the statute, necessary to permit the re-instatement of his license.

Under the facts in this case a compliance with the financial responsibility requirements of the law is the only ground upon which the license could be re-instated.

The order re-instating the license of the appellee for business purposes only is hereby reversed.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*