## 44887. BURSON, Director v. BELL.

WHITMAN, Judge. This appeal arises from a suspension of the driver's license and vehicle registration of Paul J. Bell under the Motor Vehicle Safety Responsibility Act (hereafter called the "Act"). *Code Ann.* § 92A-601 et seq. (Ga. L. 1951, p. 565 et seq., as amended).

On November 24, 1968 Bell was involved in an accident with a bicycle. A report of the accident was filed with the Department of Public Safety. Subsequently, affidavits relating to bodily injury were also filed with the director. Upon receipt of these affidavits the director issued an "Order of Suspension" which notified Bell that on a certain date the suspension of his driver's license and vehicle registration would become effective in accordance with Georgia Laws 1951, Act 386. The notice to Bell stated that the suspension would become

effective unless he either (1) submitted a notarized release from all persons who suffered personal or property damage, or (2) deposited security or posted bond sufficient to satisfy any judgment for damages resulting from the accident. The notice also stated that Bell would be required to file proof of financial responsibility for a period of one year and pay a restoration fee of $10 prior to the effective date of the suspension.

Bell requested a hearing before the director which was granted. But the director ruled that Bell must comply with the provisions of the suspension order or the suspension would become effective. Pursuant to the provisions of the Act (*Code Ann.* § 92A-601, as amended), Bell appealed the Director's ruling to the superior court for a de novo hearing. By stipulation of the parties the following facts were developed at the de novo hearing: "1. Mr. Bell was driving his automobile on November 24, 1968, at the time of the accident with the bicycle; 2. The child rode her bicycle into Mr. Bell's moving automobile and suffered injuries resulting in medical expenses of $1,057.50; 3. The Department of Public Safety was formally advised of the accident and the injuries suffered by the child; 4. The Department of Public Safety requested Mr. Bell to show proof of financial responsibility as to the damages suffered by the child; 5 . The petitioner did not show any proof of financial responsibility; 6. The Department of Public Safety, after holding a hearing at which Mr. Bell appeared, ordered that his driver's license, registration certificates and license plates be suspended. . . ; 7. Mr. Bell was found to be free from fault in the accident with the bicycle; 8. Suit had not been filed against Mr. Bell as of May 22, 1969, for recovery of the child's damages."

The trial court entered an order which, after summarizing the above facts, states the following: "It is . . . ordered and adjudged that the petitioner's driver's license not be suspended. It is further ordered that when suit is filed against petitioner for the purpose of recovering damages for the injuries sustained by the child in the accident with petitioner that the Department of Public Safety suspend his license if he has not then complied with the Financial Responsibility law."

The Director of the Department of Public Safety has appealed from the latter order, enumerating the same as error. *Held:*

The Act unequivocally specifies that the director shall suspend the license and registration of any operator or owner "in any manner involved in the accident unless or until the operator or owner has previously furnished or immediately furnishes security, sufficient in the judgment of the director to satisfy any judgments for damages or injuries resulting from the accident as may be recovered against the operator or owner by or on behalf of any person aggrieved. . ." *Code Ann.* § 92A-605, as amended.

When the above section of the Act is applied to the facts stipulated by the parties and found by the lower court, suspension is required. "Fault" or "innocence" are completely irrelevant factors. The suspension requirement is mandatory and a license "may be re-instated only if the driver shows proof of financial responsibility as required by law or it is shown that he comes within one of the exceptions of *Code Ann.* § 92A-605 (c) or § 92A-606." *Burson v. Johnson,* 118 Ga. App. 381, 382 (163 SE2d 857). See also *Turmon v. Dept. of Public Safety,* 222 Ga. 843 (2) (152 SE2d 884). And see generally Annotation entitled Validity of Motor Vehicle Responsibility Act, 35 ALR2d 1011, and Supplemental Annotation, Later Case Service for 32-39 (1969 Ed.) p. 407 et seq.

The lower court's order that Bell's license not be suspended until a damage suit be instituted against him is contrary to law and erroneous.

> *Judgment reversed. Jordan, P. J., and Evans, J., concur.*

ARGUED NOVEMBER 4, 1969—DECIDED MARCH 4, 1970—
REHEARING DENIED MARCH 17, 1970—

*Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Marion O. Gordon,* Assistant Attorney General, *Larry H. Evans,* for appellant.

*William H. Traylor, Elizabeth R. Rindskopf,* for appellee.