## 45592.   PORTER v. THE STATE.

SUBMITTED SEPTEMBER 16, 1970—DECIDED OCTOBER 15, 1970.

*John Kirby, Andrew A. Smith,* for appellant.
*Lewis R. Slaton, District Attorney, Tony H. Hight, Robert Ridley,* for appellee.

DEEN, Judge. 1. There was evidence that defendant told the deceased that he "would shoot the hell" out of him if he didn't leave. The victim did not leave and defendant shot him, saying in his statement to the jury: "I meant to shoot him low in the legs, but the little gun bounced with me and he fell." The evidence supported the conviction.

2. Enumeration of error 2 complains that the trial court erred in refusing an amplified charge on justifiable homicide. The charge given substantially covered this principle of law; therefore, this enumeration is without merit.

3. Enumerations of error 3, 4 and 5 complain, respectively, that the court erred in refusing to charge on the law of criminal tres-

pass, in refusing to charge *Code Ann.* § 26-705, and failure to charge the law of involuntary manslaughter. These enumerations are without merit. The court properly charged the law applicable to defense of habitation. Defendant's request to charge on criminal trespass was not adjusted to the facts. *Ward v. State,* 199 Ga. 203 (2) (33 SE2d 689). The failure to charge *Code Ann.* § 26-705 was not error, as this section is not applicable under the facts. "If one intentionally shoots another with a pistol, and the person shot dies from the wound, this presents no theory of involuntary manslaughter because the slayer, in his unsworn statement upon the trial, asserts that he intended to wound the decedent, but not to kill him." *Norton v. State,* 137 Ga. 842 (4) (74 SE 759). The trial court did not err in refusing to charge the law of involuntary manslaughter.

4. There was evidence that defendant and deceased had been drinking prior to the fatality, therefore, there was no error in the court charging relative to voluntary intoxication.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*