50552. SUMMEROUR v. THE STATE.

EVANS, Judge.

Defendant was indicted on four counts for possession and sale of narcotics (heroin). Count 1 charged him with *possession* on May 15, 1974, and Count 2 charged him with *sale* on May 15, 1974. Count 3 charged him with *possession* on May 17, 1974, and Count 4 charged him with *sale* on May 17, 1974.

When the jury returned they read a verdict which

purported to convict defendant on all four counts. The trial judge would not receive the verdict, but instructed the jury to return for further deliberation; and he meticulously and carefully charged them that a conviction could not be had on both Counts 1 and 2; and that a conviction could not be had on both Counts 3 and 4; and that if the jury returned a verdict of guilty, it must elect as between Counts 1 and 2; and must also elect as between Counts 3 and 4. He explained that a verdict of *selling* is inclusive of the offense of *possessing;* and that the offense of selling merges the offense of possessing.

The jury retired and after deliberation returned with a verdict of guilty on Counts 2 and 4 (selling) and defendant was sentenced to serve six years on Count 2, and six additional years, to run consecutively, on Count 4.

1. Defendant enumerates the charge of the court as error particularly as to the language that "a verdict of selling is inclusive of the offense of possessing" and "the offense of selling merges the offense of possessing." He argues that such charge in effect directed the jury to find the defendant guilty of *selling* rather than *possessing*.

2. Code Ann. § 26-506 in pertinent part provides: "(a). When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other . . ." In this case the trial judge very carefully and correctly charged the above law and gave defendant every right to which he was entitled. He refused to accept the verdict which convicted defendant of four counts (both possession and selling), because the conviction of selling means that possession has merged therein. See *Sturgis v. State,* 128 Ga. App. 85, 86 (2) (195 SE2d 682).

3. The foregoing enumeration is the sole ground argued by appellant, and any and all other questions (if any) that could have been raised under the motion for new trial must be deemed to have been waived. See Code Ann. § 24-3618 (Rule 18-c).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED APRIL 29, 1975 — DECIDED JUNE 9, 1975.

*Glenn Zell,* for appellant.

*George W. Darden, District Attorney, Richard L. Moore, B. Wayne Phillips, Assistant District Attorneys,* for appellee.