## 51753. BIDDY v. THE STATE.

SUBMITTED FEBRUARY 4, 1976 — DECIDED FEBRUARY 16, 1976 —
REHEARING DENIED MARCH 8, 1976 —

6

*Clifton, Helms & Dodd, David A. Dodd,* for appellant.

*John T. Perren, District Attorney,* for appellee.

DEEN, Presiding Judge.

■ An insanity defense was interposed, and the court charged at length on the subject, including the provisions of Code § 26-702 and including states of temporary insanity. He did not charge Code § 26-703 relating to delusional compulsion or that part of Code § 27-1503 relating to disposition of the prisoner if the jury should find him not guilty by reason of insanity. We find no error. Delusional insanity as defined in *Brown v. State,* 228 Ga. 215 (184 SE2d 655), may be found where, in consequence of a delusion brought about by mental disease, the will is so overmastered that there is no criminal intent in reference to the act, and it must appear not only that the defendant was actually laboring under a delusion operating as a causative factor, but that the delusion is such that it, if true, would justify the act. No such evidence appears in this record. Nor is there any requirement that subsequent disposition of the prisoner be explained to the jury. On the contrary, argument as to a subsequent modification of sentence via probation or executive clemency is ground for mistrial. Code § 27-2206. The first four enumerations of error are without merit.

■ Orders of the court complained of in Enumerations 5 and 6, denying supersedeas and transferring the prisoner pending his appeal, were within the discretion of the trial court.

■ The defendant struck the prosecutor two blows with a hammer. He was convicted on a two-count indictment of aggravated assault (Code § 26-1302) and aggravated battery (Code § 26-1305). While the crimes

are separate and distinct as a matter of law, under the evidence in this case the assault is included in the battery as a matter of fact; therefore, only one punishment may be inflicted. *State v. Estevez,* 232 Ga. 316 (206 SE2d 475); *Summerour v. State,* 135 Ga. App. 43 (217 SE2d 378). It was proper to submit both counts to the jury; however, as a matter of fact there was but one criminal act. While it may be of small practical moment, since the court ordered the sentences to be served concurrently, we direct that the sentence as to the aggravated assault count be vacated so that there may be no doubt that only a single penalty is imposed.

■ Error is enumerated on the probationary condition that the defendant pay restitution to his victim in the sum of $50 per month to a total of $12,000. Code § 27-2711 (7) allows for a requirement of reparation or restitution to the aggrieved person "for the damage or loss caused by his offense in an amount to be determined by the court" but this may not be done if the amount is in dispute "unless the same has been adjudicated." The contentions are that the amount is in dispute because there has been no prior adjudication and that it is impermissibly large because Code § 27-2529 requires that no payment of fine in excess of $2,000 shall be made as a condition of probation. Construing a similar California statute it was held in People v. Labarbera, 201 P2d 584, that since a fine is payable to the state and reparation to the injured party, the two are distinct and cannot be substituted for each other to uphold a sentence. Neither may the words be interchanged to void a sentence. We are, however, more concerned with two other peculiarities of this probationary condition. It calls for the beginning of payments *prior* to the commencement of the probation, and there is no evidence in the record from which any liquidated damages may be inferred. The sentence here may nevertheless be upheld. As to the time of payment, this is a commonsense approach to the problem in view of the limited resources of the defendant, if it is construed to mean that, as of the beginning of the probated period, restitution has been made in an amount equivalent to the payment of $50 per month multiplied by the months of sentence served at that time.

The amount — $12,000 — appears a reasonable restitution in view of the serious and permanent injuries received. The evidence does show lengthy hospitalization and costly treatment by a number of specialists; it shows loss of an eye, protracted loss of earnings, and grave future impairment of earning capacity. It can be sustained, however, only by reason of the fact that the amount was not contested. The record shows that, at the time of sentencing, the defendant and his attorney being present, the court stated: "I omitted to mention the restitution earlier and as a part of his sentence he is required to make restitution to Mr. Steed. Do you have any suggestions as to what per month? I guess $50 per month." The defendant then volunteered that he had a disability income and "if you don't go no higher than $50 per month we could probably make that." A figure was thus arrived at by agreement as $50 per month for the period of the sentence, for a total of $12,000. While emphasizing that a defendant may not be *sentenced* to make restitution, the court may make restitution a condition of probation. As stated in State v. Scherr, 101 NW2d 77, 80: "Neither should the criminal process be used to supplement a civil suit or as a threat to coerce the payment of a civil liability and thus reduce the criminal court to a collecting agency. . . [but] we do not believe the legislature intended to foreclose the court from determining the amount of restitution where such amount is freely admitted by the defendant. . . When a court in a criminal suit determines the amount of restitution for the purpose of probation, it does so as a part of the criminal proceeding. Such proceeding determination is analogous in its nature to a pre-sentence investigation."

■ The evidence sufficiently establishes that the defendant did not commit the assault while in the throes of an epileptic *grand mal* seizure. Whether or not the episode arose from a fugue in which his conscious mind played no part was, under the evidence, a jury question. It is obvious from the record as a whole that the defendant's behavioral aberrations are connected with traumatic brain damage, and that his incarceration should be of a therapeutic rather than punitive character. Nevertheless, the evidence does not demand a finding that he was

insane, as the word is legally defined in Georgia, at the time of the assault, and the evidence therefore is sufficient to support the verdict.

*Judgment affirmed with direction that the sentence for aggravated assault be vacated. Quillian and Webb, JJ., concur.*