### 51593. PAYNE v. THE STATE.

STOLZ, Judge.

On March 1, 1975, the appellant was involved in a five-car collision. All parties denied responsibility for the accident, all parties suffered damage and no civil proceeding has been instituted by any of the parties. The appellant received a traffic citation for "following too closely" and was ordered to appear in the City Court of Atlanta. The appellant pleaded "not guilty," but the trial judge found her guilty of "following too closely," imposed a fine and suspended it. The judge also inquired as to whether the appellant had liability insurance coverage at the time of the collision. Upon learning that the appellant was uninsured, the judge suspended her driver's license indefinitely until such time as restitution of all damages suffered by the owners of the other cars was made. This appeal is taken from that part of the trial judge's order conditioning the suspension of appellant's driving license upon restitution. *Held:*

We are called upon in this appeal to interpret Code Ann. § 92A-9908 (Ga. L. 1937, pp. 322, 348; 1951, pp. 598, 604): "Upon the conviction of any licensee hereunder in any court of competent jurisdiction in this State of any offense of driving a motor vehicle while intoxicated, or driving a motor vehicle while engaged in a felony, or

deliberately, wilfully or negligently violating any traffic law of this State, or any municipality thereof, the court trying the same is hereby given authority and jurisdiction upon such licensee ['s] being adjudged guilty to cancel or suspend the license of such defendant for such time and on such conditions as the court may deem proper. . ." This statute has been repealed by Ga. L. 1975, pp. 1008, 1044, effective as of January 1, 1976, whereby the authority to suspend licenses is exclusively vested in the Department of Public Safety. What we must decide, however, is whether the City Court of Atlanta had authority under the old law to suspend a driver's license indefinitely until such time as the driver made restitution for the damages resulting from his traffic infraction.

It is clear that driver's licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. Bell v. Burson, 402 U. S. 535, 539 (91 SC 1586, 29 LE2d 90), reversing 121 Ga. App. 418 (174 SE2d 235). We believe that the hearing afforded the appellant in the City Court of Atlanta satisfies procedural due process and that her conviction for "following too closely" was valid. This being so, we believe that Code Ann. § 92A-9908, which requires conviction as a prerequisite to suspension of a driver's license, is constitutional; the appellant concedes as much.

As we have previously noted, the incident sub judice involved a five-car collision, all parties denied responsibility, all parties suffered damages, and no civil proceedings had been instituted. In addition, a review of the record shows a substantial dispute in the amount of damages involved. Stated in the negative, the rule is that restitution may not be imposed as a condition in such cases where the amount is in dispute, unless the same has been adjudicated. See Code Ann. § 27-2711 (7) (Ga. L. 1956, pp. 27, 32; 1958, pp. 15, 23; 1965, pp. 413, 416); *Biddy v. State,* 138 Ga. App. 4 (4). The reasons for the rule are obvious, particularly in automobile collision cases, which may involve such issues as comparative negligence, last clear chance, etc. A party may be guilty of violating the traffic laws and be found not liable in a civil suit for damages. Such a party may even effect a recovery of damages. "A criminal trial for infraction of traffic laws

does not involve such matters as the relative diligence or negligence of parties to a collision, but concerns only whether or not the defendant on trial is guilty of the violation with which he is charged." *Pass v. State,* 95 Ga. App. 510, 513 (98 SE2d 135).

The conditional suspension imposed was unauthorized, and the judgment in this case must be reversed.

*Judgment reversed. Bell, C. J., Pannell, P. J., Deen, P. J., Clark, Webb and Marshall, JJ., concur. Evans, J., concurs in the judgment only. Quillian, J., dissents.*

ARGUED JANUARY 14, 1976 — DECIDED APRIL 8, 1976.

*Robert E. Stagg,* for appellant.
*Paul Walker, Solicitor,* for appellee.

EVANS, Judge, concurring specially.

Following a 5-car collision, the defendant received a traffic citation for following too closely. She pleaded not guilty in the City Court of Atlanta, but was found guilty and a fine was imposed. The trial judge then made inquiry as to whether defendant carried liability insurance. Upon learning she did not, he suspended her driver's license indefinitely until such time as she paid all damages.

Motion in arrest of judgment, motion for new trial, and extraordinary motion for review and reconsideration were made by defendant. Motion to withdraw these motions was made but the lower court denied the withdrawal request because it appeared that her license was suspended for 30 days and not indefinitely, and the license had been returned to the defendant. Apparently the trial court picked up her license for the second time. The court then considered her motion in arrest of judgment, motion for new trial, etc., and denied same and kept her driver's license as indefinitely suspended under Code Ann. § 92A-9908. Defendant appeals this last order.

The majority opinion reverses, holding that the lower court was without authority to take up her license, not on constitutional grounds, but because Code Ann. § 27-2711 (7) does not allow the imposition of restitution as

a condition in criminal cases as to the amendment in dispute, unless the same has been adjudicated.

I take the view that Code Ann. § 92A-9908 has been repealed and authority for taking up her license is now exclusively vested in the Department of Public Safety; thus the lower court was without authority to take up the license. As the statute repealing Code Ann. § 92A-9908 was remedial in nature, as was the statute that was repealed, the lower court was without authority to do what it did.

I therefore agree with the reversal by the majority, but not with all that is said in the opinion. I concur in the judgment only.