## 53232. BENNETT v. THE STATE.

STOLZ, Judge.

The appellant appeals from his conviction of theft by taking.

The appellant owned a White Freightliner — the tractor portion of a tractor-trailer truck. There was an undertaking by the appellant to sell that vehicle to Mr. McClure, but McClure did not make the proper payments and the sale was never consummated. The truck was,

however, entrusted to McClure's custody pending the closing of the deal. On September 24, 1974, the appellant's tractor was connected to a trailer owned by Mr. Buice, whose family had very close business connections with McClure.

As McClure failed to pay the defendant for the tractor as promised the defendant decided to repossess his vehicle. During the early morning hours of September 14, 1974, defendant removed his tractor which had Buice's trailer attached to it from the latter's property to his own premises. Defendant testified that he removed the trailer because it was impossible for him at the time to disconnect the vehicles. Later on the same day, Buice found his trailer at the defendant's place of business where he made demand for its return. According to Buice's testimony, the defendant stated "Tony McClure owes me $1,800, and the only way you are going to get your trailer is to pay me $1,800." Defendant while testifying in his own behalf stated that after Buice advised defendant that he, Buice, would obtain a warrant for defendant's arrest, he disengaged the trailer from the tractor and "I carried the trailer to Acworth, Georgia, and dropped it on a vacant piece of lake property that I owned . . . ," where it remained for approximately the next 18 months. Defendant admitted that he told no one, other than his lawyers, where the trailer was located during this period.
*Held:*

1. The defendant claims that the evidence is insufficient to authorize a conviction. Assuming but not deciding that defendant was justified in taking the truck and trailer because of an impossibility to disconnect them and thus acquired lawful possession of the trailer, the evidence that defendant would not return the trailer to the owner on demand until the owner paid a debt on the truck owed by someone else shows at that point forward an unlawful appropriation of the trailer with intent to deprive the owner of his property or a theft by taking under Code § 26-1802 (a). Defendant had no right to withhold the property until payment was made for the truck for Buice was not a party to the truck transaction. Secondly, the evidence that defendant, after his encounter with Buice, placed the trailer on vacant lake

property and there held it for approximately 18 months is a circumstance from which an inference can be drawn that defendant was secreting it. This secreting shows an unlawful appropriation of the property with intent to deprive. The evidence authorized a conviction.

2. After the appellant was sentenced, it was ordered by the court that his sentence be served on probation subject to his paying $100 restitution to Mr. Buice. However, 'here is dispute as to how. much Mr. Buice was injured by the appellant's taking of his trailer. "Stated in the negative, the rule is that restitution may not be imposed as a condition in such cases where the amount is in dispute, unless the same has been adjudicated. See Code Ann. § 27-2711 (7) (Ga. L. 1956, pp. 27, 32; 1958, pp. 15, 23; 1965, pp. 413, 416); *Biddy v. State,* 138 Ga. App. 4 (4)." *Payne v. State,* 138 Ga. App. 358, 359 (226 SE2d 152) (1976). Therefore, we must reverse the condition of probation requiring restitution.

*Judgment affirmed in part and reversed in part. Bell, C. J., Deen, P. J., Webb, Marshall, McMurray and Shulman, JJ., concur. Quillian, P. J., dissents. Smith, J., concurs in Division 1 of dissent.*

ARGUED JANUARY 11, 1977 — DECIDED FEBRUARY 28, 1977 — REHEARING DENIED MARCH 31, 1977.

*George G. Finch,* for appellant.
*Charles B. Holcomb, District Attorney,* for appellee.

QUILLIAN, Presiding Judge, dissenting.

Tony McClure and Danny Buice were involved in the operation of the Ace Trucking Company. Defendant sold a White Freightliner tractor to Tony McClure. The tractor was to be used to tow a Carley trailer which Danny Buice and McClure represented to defendant that they owned. Danny Buice signed the check on an Ace Trucking Company form check used for the first payment on the purchase of the tractor. The check was returned for insufficient funds. Neither Danny Buice, Tony McClure, nor the tractor could be located. No further bad checks or any payments were ever made toward the purchase of the

tractor.

The defendant, at that time, owed the bank approximately $500,000 on equipment used by his freight line. His tractors were turned over to the bank but the missing tractor could not be located for approximately three months. The bank found the tractor near Macon but instructions to the sheriff to pick it up were unsuccessful. McClure was finally located and agreed to bring the tractor in. He did not. Defendant notified his friends that he was offering a reward to anyone who could locate the tractor. He was called by a friend at 1:30 a.m. who located the tractor at the home of Danny Buice's father — Mr. W. D. Buice, Jr. Defendant and another person went to Mr. Buice's home at 2:30 or 3 a.m. and attempted to repossess his tractor. Both persons described defendant's attempt to disconnect the trailer but because it did not have any front wheels which could be lowered to support the front when disconnected from the tractor it fell down on the frame of the tractor as the tractor was driven forward. A light came on in the house and dogs were barking so defendant drove the tractor, with trailer attached, to his place of business. The next day defendant found in the glove compartment, a lease wherein Tony McClure had leased the Freightliner tractor and Carley trailer to Harry Poole Incorporated during the time that he had possession of them. In the lease, McClure stated that he owned the tractor and trailer.

The following day, Mr. Buice and his son Danny came over to defendant's place of business and "wanted the trailer back." The general manager for defendant's trucking company talked to them and stated "that if they would live up to their agreement, which was money they still owed us, that we would be glad to let them have the trailer back." Mr. Buice then informed the manager that he, and not his son or McClure, owned the trailer.

Defendant testified that he "told him. . . Well, Mr. Buice, I don't know you. I don't know if it is your trailer. The lease that I had read said it belonged to Tony McClure, and Danny Buice had told me that he and Tony McClure were partners." Defendant told him: "If you show me proper [sic] a bill of sale that said it is your trailer, then you can have it. I didn't want the man's

trailer. I didn't have any intention of taking the man's trailer. All I wanted to do was to pick up the tractor, get it back to C & S Bank. . ." Defendant testified: "I have always took the position that I would turn the trailer over to the Court...I may be wrong, but I thought the best way for me to do was just to stay in a stalemate until we went to Court and let the judge or the jury or the judicial body that decides these things decide what should be done." Mr. Buice is quoted as saying: "I am going to teach you Marietta s.o.b.'s a lesson that you can't come to Forsyth County and mess with us people. . ."

The majority opinion states that the testimony of Mr. Buice, as state's witness, was sufficient to support the verdict finding the defendant guilty of theft by taking. I do not agree. Assuming the defendant did refuse to give Mr. Buice possession of the trailer, he had a legal right not to.

He had a written document which showed the right to possession was in Mr. McClure and not Mr. Buice. Under these circumstances the defendant would have been justified in refusing to give Mr. Buice the trailer until he produced written evidence of his title or right of possession of the trailer.

1. I realize that a jury has decided the question of intent to steal against this defendant, but the standard to be applied is whether such intent was proven beyond a reasonable doubt. Criminal Code of Georgia, Code Ann. § 26-501 (Ga. L. 1968, pp. 1249, 1266); Code § 38-110. The evidence demanded an acquittal; therefore, I dissent.

2. I dissent for one other reason. The indictment alleged that the value of the trailer was more than $100. Evidence was presented as to what Mr. Buice paid for the trailer when he purchased it and what he paid for tires and equipment added to the trailer. He was finally asked: ". . . at the time it was taken, do you have an opinion as to the true value of it? A. Five thousand dollars." This court held in *Hoard v. Wiley,* 113 Ga. App. 328 (1b, 2a) (147 SE2d 782), that an owner of property "may not testify as to his opinion of the value of the property. . . without 'giving his reasons therefor' . . . [and] [a]n opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value." The evidence presented represents the opinion of the purported owner and when

"an opinion is sought from a witness as to the value of a thing, it is necessary that it be shown that the witness has some knowledge, experience or familiarity with the value of the thing or of similar things." 113 Ga. App. at 332, supra. No foundation was laid for such opinion evidence. At best, the evidence shows "some value" which would only support a conviction for theft of an item of a value of less than $100.

I am authorized to state that Judge Smith concurs with Division 1 of this dissent.