appellee.

## 57522. ALLEN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals her conviction for making an improper turn at an intersection in violation of Code Ann. § 68A-604 (Ga. L. 1974, pp. 633, 664). *Held:*

1. The defendant enumerates the general grounds as error. Counsel used blackboards at trial with several diagrams drawn upon them to demonstrate how the accident occurred and the position of the cars. The following is illustrative of the evidence: "It is true that this car was further out into the intersection according to the diagram as you draw it on the day of the accident? Maybe ending approximately there? A. Well, as I say this drawing is not to scale." ". . .[I]s it true that this is the Allen car and this is the Perry car? A. Yes sir." ". . . [H]ere is Wayside and that's the curve, and my car to the best of my judgment is right here. I'm drawing it to the side, but it is under the traffic signal." Another witness testified that one diagram was not correct, "this car was a little bit further over this way." "This car was over the white line and hers was sitting here like this."

The blackboards and all diagrams were not introduced into evidence. We trust that *all* trial attorneys, from the 'extract of evidence cited above, will understand how this incident occurred. This is the evidence of record upon which appellate courts must base their decision. There is some evidence of record supportive of the conviction and we are bound to construe the evidence in the light most favorable to upholding the verdict. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583). Further, inasmuch as the transcript does not contain all of the evidence presented to the jury at trial, we must assume it was sufficient to support the verdict and judgment of the court. Cf. *Cason v. Upson County Bd. of Health,* 227 Ga. 451 (2) (181 SE2d 487); *Williams v. State,* 140 Ga. App. 87, 89 (230 SE2d 94); *State v. Frazier,* 141 Ga. App. 501, 502 (233 SE2d 868); *Smart v. State,* 147 Ga. App. 117 (5) (248 SE2d 185).

2. Defendant enumerates as error the appointment of "Mr. Douglas E. McDonald" to act as special prosecutor, alleging he was "not impartial" and "had a pecuniary interest in the outcome of the case." This issue was first raised in the amendment to the motion for new trial which attached a letter from "Mr. Douglas W. McDonald" concerning "settlement of the above matter [apparently referring to the sentence of the court providing for "Restitution $617.33"] and payment of the money to my client, Mr. Perry." For the purposes of this enumeration we will assume that the attorney for Mr. Perry and the special prosecutor are the same person. Our Supreme Court has held that a special prosecutor, who is subject to the direction and control of the district attorney, may be employed to assist the district attorney in prosecuting the case. *Woods v. State,* 240 Ga. 265 (5) (239 SE2d 786); *Brown v. State,* 145 Ga. App. 530 (1) (244 SE2d 68). We will not assume error from a silent record, and there is no evidence that the special prosecutor was not subject to the direction and control of the district attorney. The burden is on an appellant to show error by the record and not by the brief. *Young v. State,* 144 Ga. App. 712 (242 SE2d 351). Furthermore, no objection to the appointment of Mr. McDonald was made until after the trial was over. The objection came too late. *Conley v. Arnold,* 93 Ga. 823 (20 SE 762).

It is not a valid ground for objection that the special prosecutor also represented the alleged victim of the crime in civil litigation arising from the same incident. *Park v. State,* 225 Ga. 618 (1b) (170 SE2d 687).

3. It was not error to fail to charge on circumstantial evidence where the state does not rely solely on circumstantial evidence. *Johnson v. State,* 235 Ga. 486 (3) (220 SE2d 448). Thus, where — as here, there is some direct evidence, it is not prejudicial error to fail to charge on circumstantial evidence. *DePalma v. State,* 228 Ga. 272 (1) (185 SE2d 53). Both the state and the defendant offered direct evidence. The defendant made no request for such charge and did not object when asked if there were any objections. The Supreme Court held that "where a criminal defendant fails to request a charge, or fails to object to the trial court's *omission to charge,* such failure

to request or object has been decisive against him." *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859).

4. While the facts may have been in conflict, the jury resolved the conflicts against the defendant, and we must look at the evidence on appeal in the light most favorable to the verdict rendered. *Johnson v. State,* 231 Ga. 138 (1) (200 SE2d 734). The trial court did not err in denying defendant's motion for a new trial.

5. The defendant was sentenced to 12 months probation, a fine of $75 and to "make restitution to Mr. Perry [owner of the other car] of $617.33." Defendant contends the sentence to restitution is not authorized. We agree.

Code Ann. § 27-2711 (Ga. L. 1956, pp. 27, 32; 1958, pp. 15, 23; 1965, pp. 413, 416) provides: "The court shall determine the terms and conditions of probation and may provide that the probationer shall . . . (7) make reparation or restitution to any aggrieved person for the damage or loss caused by his offense in an amount to be determined by the court, provided, however, that no reparation or restitution to any aggrieved person for the damage or loss caused by his offense shall be made if the amount is in dispute unless the same has been adjudicated . . ."

There was no showing of the amount of damage to Mr. Perry's automobile. There was no evidence of any agreement between the parties as to the amount of damages or reparation to be made. See *Biddy v. State,* 138 Ga. App. 4, 8 (225 SE2d 448). There was no evidence of a prior adjudication as to the amount of damages. The proximate cause of the incident was contested. There was testimony by the defendant and another witness that Mr. Perry's car was beyond the white line which designates the most forward stopping position before the red light. The police officer stated that Mr. Perry's car skidded 18 inches before it came to a stop. It was not disputed that the defendant had the green light. Thus, the evidence shows Mr. Perry suddenly braked his car beyond the white stop line while going against the red light. From this evidence, the jury could infer negligence on the part of Mr. Perry. See *Poss v. Carlton Co.,* 122 Ga. App. 528, 530 (177 SE2d 829). In this state the doctrine of comparative negligence applies. See Code Ann. § 105-603 (Code § 105-603). Even

though one party is negligent, if it is lesser than the other party, there may be a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the other party. *Smith v. American Oil Co.,* 77 Ga. App. 463 (2e) (49 SE2d 90). Issues of negligence, lack of ordinary care in avoiding the consequences of another's negligence, and comparative negligence are generally for the jury. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178); *Piland v. Meli,* 143 Ga. App. 783, 784 (240 SE2d 193).

In *Pass v. State,* 95 Ga. App. 510, 513 (98 SE2d 135), wherein the court adjudged probation and restitution for a criminal offense arising out of a traffic collision, we held: "A criminal trial for infraction of traffic laws does not involve such matters as the relative diligence or negligence of parties to a collision, but concerns only whether or not the defendant on trial is guilty of the violation with which he is charged." Thus, in *Payne v. State,* 138 Ga. App. 358, 359 (226 SE2d 152), a whole court case, we held that in a five car collision where all parties denied responsibility for the incident and no civil proceeding had been instituted: "the rule is that restitution may not be imposed as a condition in such cases where the amount is in dispute, unless the same has been adjudicated."

It was error to require restitution of the unadjudicated amount of damages as a condition of probation where the cause of the accident was contested. The judgment of conviction is affirmed, but the condition of probation requiring restitution must be reversed. See *Bennett v. State,* 141 Ga. App. 795, 797 (234 SE2d 327).

*Judgment affirmed in part; reversed in part. Smith and Birdsong, JJ., concur.*

SUBMITTED APRIL 4, 1979 — DECIDED MAY 3, 1979 — REHEARING DENIED MAY 29, 1979 —

*Robert C. Sacks,* for appellant.
*Linton K. Crawford, Solicitor,* for appellee.