## 57892. WILSON v. THE STATE.

SHULMAN, Judge.

Defendant was found guilty of the offense of terroristic threats. We affirm.

1. Appellant contends that since the proper foundation was not laid for the admission of evidence pertaining to phone calls allegedly received by the prosecutrix and her family, the prosecutrix' testimony regarding such phone calls constituted inadmissible hearsay. We cannot agree with appellant's contentions of error.

The prosecutrix properly established the authenticity of the phone calls she personally received from the defendant through her direct testimony of voice recognition. *Shouse v. State,* 231 Ga. 716 (6) (203 SE2d 537).

The prosecutrix also testified, without identifying the caller(s), that her family received numerous telephone calls. Since this testimony was admissible to establish the fact of telephone harassment, it was not subject to exclusion as hearsay. Cf. *McNeal v. State,* 228 Ga. 633 (7) (187 SE2d 271). See generally *Boggus v. State,* 136 Ga. App. 917 (2) (222 SE2d 686). Compare *Cannady v. Lamb,* 146 Ga. App. 850 (4) (247 SE2d 500).

2. Assuming, without deciding, that evidence relating to the property damage suffered by the prosecutrix was inadmissible, since the defendant failed to object to its admissibility when it was first introduced, the court properly overruled defendant's subsequent objection to substantially the same evidence. *Steverson v. Hosp. Auth. of Ware County,* 129 Ga. App. 510, 514 (2a) (199 SE2d 881).

3. Defendant enumerates as error the testimony of witnesses whose names were not included on the original list of witnesses furnished by the prosecution. Appellant contends that such omission constitutes an impermissible violation of Code Ann. § 27-1403. We must take issue with appellant's contentions of error.

"It is evident that the transcending purpose of [Code Ann. § 27-1403] is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial. [Cit.] This purpose is served by requiring that the defendant receive the names of the witnesses promptly upon demand and at a reasonable time before trial. It is not necessary that the prosecution scrupulously comb its files to guarantee that the first list given the accused is absolutely complete under the harsh penalty of not being allowed to use any witness who inadvertently is left off the list. What is required is that the list must be complete within a reasonable time before trial so that the defense may be adequately prepared." *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30).

Defense counsel received a supplemental list of witnesses more than a month before trial, declining the court's offer of additional time to interview such witnesses. Under these circumstances, we find that "any defect in the prosecution's failure to provide [the names of these witnesses prior to defendant's arraignment] was plainly harmless . . ." *Newman v. State,* 237 Ga. 376 (3), 382 (228 SE2d 790). This enumeration of error is therefore without merit.

4. Appellant contends that the court erred in refusing to admit into evidence certain photographs depicting damage to defendant's automobile. The record before this court does not include the photographs. Since this court's decisions "must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel," this enumeration of error presents nothing for review. *Belluso v. Sunnyland Foods,* 142 Ga. App. 7 (1) (234 SE2d 821).

"However, even if we could consider this enumeration, the admission or exclusion of photographs is a matter of discretion for the trial court to exercise and

unless manifestly abused will not be controlled by this court." Id., p. 8.

Since no one at trial disputed the fact that defendant's car had been damaged and since oral testimony as to what the pictures portrayed was admitted, the court's failure to admit the photographs into evidence does not constitute reversible error. See, e.g., *White v. Ga. Power Co.,* 237 Ga. 341, 345 (227 SE2d 385), overruled on other grounds *DeKalb County v. Trustees, &c. Elks,* 242 Ga. 707 (251 SE2d 243).

5. Appellant objected to certain evidence admitted at trial, on the ground that it was "irrelevant." "An objection to the admission of evidence on the ground that it is 'immaterial and irrelevant' is not such an objection as it would be reversible error to overrule." *Pippin v. State,* 205 Ga. 316, hn. 6 (53 SE2d 482).

Since we find nowhere in the record where defendant objected to the admissibility of the evidence on the grounds that it impermissibly put his character in issue, we refuse to consider this contention on appeal. *Tyler v. State,* 147 Ga. App. 394 (2) (249 SE2d 109).

6. "There is no merit in the appellant's position which asserts that the trial court erred in charging the jury that the State did not have to prove beyond a reasonable doubt the corroboration of the victim . . ."

"Contrary to the appellant's contention, the State is not required to support such testimony beyond a reasonable doubt . . ." *Bryant v. State,* 229 Ga. 60 (3) (189 SE2d 435). See also *Moss v. State,* 148 Ga. App. 459 (1) (251 SE2d 374). We also find that the court's charge that "when the communication of a threat is done to terrorize another, the crime of terroristic threats is complete," states a correct principle of law. Code Ann. § 26-1307 (a). *Lanthrip v. State,* 235 Ga. 10, 11 (218 SE2d 771).

Since further enumerations of error relating to the court's charge to the jury were supported neither by argument nor citation of authority, they are deemed abandoned. *Wilson v. State,* 145 Ga. App. 33 (3) (243 SE2d 304).

7. Appellant complains of the failure of the trial court to give his request to charge Code Ann. § 26-906 on coercion, which reads as follows: "A person is not guilty of

a crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury."

Defendant failed to produce any evidence to support his contention that his threat to kill the prosecutrix' child was made under his fear of imminent death or great bodily injury. Thus, as defendant's request to charge was not adjusted to the facts, the court properly refused his request. See, e.g., *Moore v. State,* 237 Ga. 249 (3) (227 SE2d 330); *Porter v. State,* 122 Ga. App. 658 (3) (178 SE2d 283).

8. Appellant contends that the court's sentence was void and illegal as it banished the defendant from Hall County as a condition for the suspension of his sentence by the trial court. We cannot agree.

"The probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved. Probated and suspended sentences, upon reasonable conditions, have traditionally been used by trial judges in Georgia as effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement. [Cits.]

"The defendant . . . has made only a general attack on the present sentence as being illegal, contending [that a sentence of "banishment" (as a condition of probation)] is per se violative of public policy. There has been no showing in this case that the imposed condition to remain outside the [county] is unreasonable or otherwise fails to bear a logical relationship to the rehabilitative scheme of the sentence pronounced for [defendant's] crime. [Cit.] When this is considered against the background of the power and authority a trial judge has under the law to suspend a sentence under such rules and regulations as he deems proper, we cannot agree the present sentence 'is illegal and void,' as contended by the defendant." *State v. Collett,* 232 Ga. 668, 670 (208 SE2d 472). In the absence of a showing of an abuse of discretion, we refuse to disturb

the sentence of the trial court.

9. Appellant asserts error in the court's order, rendered after defendant's conviction, prohibiting him from making outgoing telephone calls from the county jail without the prior written permission of the court. Appellant contends that the ruling denied him due process, first, on the grounds that he was not given the opportunity of a hearing on the ruling; and second, on the grounds that it impermissibly restricted his access to counsel. We find no merit in appellant's contentions of error.

First, appellant was granted the right to a hearing upon the ruling; the ruling itself so states. Second, appellant has failed to show in what manner his access to counsel was unduly restricted, or to show any harm flowing from the alleged restriction. Cf. *Hollis v. State,* 137 Ga. App. 298 (223 SE2d 491). Indeed, appellant's claim that he was unaware of the court's ruling belies his contention that he was impermissibly denied his right to counsel.

10. There is no merit in appellant's contention that the court erred in sentencing appellant to make restitution without a hearing on the amount of restitution. Since appellant failed to dispute or contest the amount of restitution ordered by the trial court, restitution was properly imposed without an adjudication. Compare *Bennett v. State,* 141 Ga. App. 795 (2) (234 SE2d 327), where the amount of restitution was in dispute. See generally *Biddy v. State,* 138 Ga. App. 4 (4) (225 SE2d 448).

As the foregoing enumerations of error are without merit, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 8, 1979 — DECIDED SEPTEMBER 12, 1979 — REHEARING DENIED SEPTEMBER 26, 1979 —

*William I. Sykes, Jr.,* for appellant.
*Jeff Wayne, District Attorney, Roland H. Stroberg,*

*Assistant District Attorney,* for appellee.