## 34817. DRIGGERS v. THE STATE.

HILL, Justice.

The defendant was convicted by a jury of the murder of Mrs. Virginia Moore, his wife's aunt, and sentenced to life imprisonment. On appeal he raises three enumerations of error.

1. In defendant's first enumeration of error, he raises the general grounds. The evidence established that the defendant went to the victim's residence on the morning of April 15, 1978, to deliver a load of lumber at the request of her husband. He went inside the trailer. He and the victim engaged in a scuffle; as a result, he was shot once in the thumb and she was shot five times. Neighbors saw the defendant leave the scene after hearing shots.

The shots were fired from a .22 caliber pistol which belonged to the victim's husband; it was customarily kept in a drawer by the bed. A GBI agent testified that in his opinion three of the five shots that struck the victim were fired from a distance of over two feet, that the two shots fired closer than two feet were the shots to the left breast and head. The director of the state crime laboratory performed the autopsy. He testified that either shot to the left breast or head would have been fatal, that the shot to the head would have incapacitated the victim and that the victim was alive when shot in the head. He testified further that bruises inside the victim's thighs were typical of bruises incurred in sexual attacks.

The sheriff, a GBI agent, and the victim's husband each testified as to the position of the body and the state of the furnishings in the home. Their testimony showed that the victim was found lying on the kitchen floor. Her blouse and shoes were not on the body; they were found in the bedroom. Her slacks and panties were around her ankles. A trail of blood led from the body to the bedroom, where a large amount of blood covered the rumpled bedspread. With the exception of the rumpled bedspread, the trailer was very neat. Bric-a-brac throughout the house was undisturbed. In the kitchen, a cup of coffee rested on the table above the victim's head.

One of the defendant's brothers testified that the defendant told him that he needed help and said "I believe

I killed her." Defendant told his brother that when he left, the victim was lying on the bed. When his brother asked if he was sure she was dead, he said "If the old bitch ain't, she ought to be."

The defendant testified that he had taken a decongestant pill and had a couple of beers on the morning of the incident. He further stated that the victim invited him in for coffee and that once he was in the kitchen she made sexual advances toward him which he rebuffed. She then lured him into the bedroom, where she made further advances. He again rebuffed her. As he proceeded to leave the trailer, but before he opened the door, she came out of the bedroom with a pistol. He grabbed for it, and in the ensuing scuffle they moved toward the bedroom and the pistol fired several times. When he left the trailer, the victim was lying on the bedroom floor calling out to him.

Defendant argues that there is insufficient evidence of intent to harm the victim, i. e., of malice. We disagree. The evidence meets the standard established in Jackson v. Virginia, 47 USLW 4883 (June 28, 1979), that is, a review of all the evidence in the light most favorable to the prosecution convinces us that a rational trier of fact could have found the essential elements of the crime of murder beyond a reasonable doubt. Interestingly, the evidence in this case is not dissimilar to that in Jackson. There the defendant admitted shooting the victim but claimed the shots were fired after she attacked him with a knife when he resisted her sexual advances. He admitted that the fatal shots were fired only after he had fired warning shots into the ground and reloaded his gun. He claimed self-defense, urging that the victim was shot as they struggled.

Here the defendant claims the victim threatened him with a gun as he was leaving her home to avoid her sexual advances, and that the five shots which struck her were fired as they struggled for the gun. But the physical evidence was inconsistent with any struggle in the kitchen area where the evidence showed the head wound had been inflicted. The physical evidence was certainly consistent with rape or attempted rape. Furthermore, the jury could have believed that it would not be necessary for the 5 feet, 10 inch defendant to fire five shots to repel the

sexual advances of the victim, who was 5 feet tall and weighed 130 pounds.

The fact that the defendant did not take the murder weapon with him to the victim's trailer does not mean that he lacked malice at the time of the shooting. *Walker v. State,* 240 Ga. 608 (1) (242 SE2d 118) (1978).

2. Defendant's second enumeration of error is that "Questioning of the defendant by the trial judge in a prosecutorial nature deprived the defendant of his right to a fair trial." The defendant argues that the trial judge violated Code Ann. § 81-1104 by his questioning of the defendant while he was on the stand.

However, defendant made no motion for mistrial and entered no objection to the questions propounded by the trial judge. As we held in *State v. Griffin,* 240 Ga. 470 (241 SE2d 230) (1978), "The question of whether Code Ann. § 81-1104 has been violated is not reached unless an objection or motion for mistrial is made." Therefore this enumeration of error is without merit.

3. Appellant's final enumeration of error is that the trial court erred in failing to charge the law of voluntary manslaughter. This was a case of murder, or of accident and self-defense. There was no evidence that the victim provoked the defendant into shooting the victim. Code Ann. § 26-1102. Thus, the evidence in this case did not require a charge on voluntary manslaughter, *Lowe v. State,* 240 Ga. 767 (2) (242 SE2d 582) (1978). Furthermore there was no written request to so charge. *Morgan v. State,* 240 Ga. 845 (2) (242 SE2d 611) (1978); *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976). Therefore this enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 20, 1979 — DECIDED SEPTEMBER 7, 1979.

*Joseph C. Kitchings,* for appellant.
*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.