## 59855. JONES v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was convicted of aggravated assault upon another with a certain pistol, a deadly weapon. He was sentenced to serve a term of seven years in the penitentiary or at such other places as the Department of Offender Rehabilitation may direct. A motion for new trial was then filed, amended, and denied. Defendant appeals. *Held:*

1. The evidence was in considerable conflict as to how the victim was shot, although it is admitted that the defendant and the victim were friends. Defendant contended and so testified that he had gone to the victim's apartment as they "were going to entertain some ladies" but when they (ladies) failed to appear he remained to spend the night at the apartment. Eventually, after he had run certain errands for the defendant, an argument ensued in which the victim attacked the defendant and, fearing for his life, defendant "grabbed for a pillow . . . and . . . grabbed . . . [his] . . . gun," and began to shoot the gun in an attempt to get away. In fleeing he admitted shooting the gun but did not admit that he had shot the victim. The victim

testified, however, that for no reason at all, no argument, but for some unknown reason after he had been asleep, the defendant shot him in each shoulder through a pillow and he was able to escape when the gun jammed, the defendant fleeing at that time after shooting at him two more times. Finally he was able to get the attention of someone who called the police and an ambulance. The victim contended that the defendant was trying to kill him.

In consideration of the general grounds of the motion for new trial the admission of the defendant as to the shooting incident and based on the foregoing evidence, as well as a careful review of the entire record and transcript, we find that a rational trier of fact could reasonably have found from the evidence adduced at the trial proof of guilt of the defendant beyond a reasonable doubt. *Dukes v. State,* 151 Ga. App. 312, 313 (259 SE2d 706); *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916). After careful review of the entire record and transcript we are of the opinion that the trial court did not err in denying the motion for new trial based on the general grounds as the evidence was sufficient to support the verdict of guilty. *Allen v. State,* 150 Ga. App. 109, 111 (4) (257 SE2d 5); *Bradham v. State,* 148 Ga. App. 89 (1) (250 SE2d 801).

2. Defendant next contends that the trial court erred in allowing the hospital records of the victim to be allowed in evidence over objection that same contained hearsay. We do not find a verbatim copy of the hospital records in the transcript although it is shown as State's Exhibit No. 55. However, the objection was to the record as a whole (en bloc) and we are unable to ascertain what part of same might have been hearsay. When an objection is made to evidence as a whole or en bloc, a part of which is not subject to the objection, the entire general objection fails. See *Employers Liab. Assur. Corp. v. Sheftall,* 97 Ga. App. 398 (3), 403 (103 SE2d 143), and cases cited; *Shouse v. State,* 231 Ga. 716, 717 (4) (203 SE2d 537); *Jones v. Blackburn,* 75 Ga. App. 791 (3), 794 (44 SE2d 555). The general rule requires that an objection to testimony point out in detail why the same is subject to the objection made. There is no merit in this complaint.

3. Defendant made a written request for a charge on coercion, that is, that if the act upon which the supposed criminal liability is based is performed under "such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury," he would not be guilty of any crime. Code Ann. § 26-906 (Ga L. 1968, pp. 1249, 1274). Code Ann. § 26-902 (Ga. L. 1968, pp. 1249, 1272) is a defense to criminal liability, that is, if the use of force in defense of oneself is authorized by the

evidence. We do not find any evidence in the record which would in any way show that the defendant acted under duress or was coerced into shooting the victim in this instance. See *Johnson v. State,* 122 Ga. App. 542, 543 (2) (178 SE2d 42); *Syck v. State,* 130 Ga. App. 50 (202 SE2d 464). The trial court did not err in refusing to charge as requested.

4. The defendant admitted that he fled the apartment after the shooting, contending he shot the gun in self-protection. The officer who arrested him testified that he went to the defendant's apartment, loudly rapped on the door, identified himself as a police officer, and had the residence telephoned prior to entering forcibly. He then returned and a female occupant denied knowledge of the defendant's whereabouts. Upon searching the apartment the defendant was found hiding in the closet. The evidence was ample to support a charge on flight. *Young v. State,* 239 Ga. 53, 58 (4) (236 SE2d 1); *Allen v. State,* 137 Ga. App. 302, 304 (6) (223 SE2d 495); *Lewis v. State,* 200 Ga. 388, 389 (37 SE2d 405); *Strickland v. State,* 137 Ga. App. 628 (1) (224 SE2d 809).

5. Error is enumerated that the trial court erred in charging the jury that an assault is aggravated when made "with a deadly weapon regardless of intent." Without more such a charge would be subject to objection that the court had instructed the jury it was not necessary for the jury to find any intent; however, the court continued to charge that an "assault is an intent to commit a violent injury on the part of another. To constitute assault no actual injury need me [be] shown. It's only necessary to show an intention to commit an injury coupled with apparent ability to do so." In order to constitute a commission of a crime it is always necessary that there be a joint operation of act and intention. *Perryman v. State,* 63 Ga. App. 819, 823 (12 SE2d 388). See Code Ann. § 26-601 (Ga. L. 1968, pp. 1249, 1269). However, it is clear that the court charged that an assault was an intent to commit a violent injury and also defined the crime of aggravated assault. A charge torn to pieces may seem objectionable but when examined as a whole we cannot say the charge here resulted in harmful error. See *Brown v. Matthews,* 79 Ga. 1 (1) (4 SE 13); *Johnson v. State,* 140 Ga. App. 246 (1) (230 SE2d 499); *State v. McNeill,* 234 Ga. 696 (217 SE2d 281); *Perkins v. State,* 141 Ga. App. 893 (1) (234 SE2d 715).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED MAY 7, 1980 — DECIDED MAY 27, 1980 —
REHEARING DENIED JUNE 10, 1980.

*Ray Gary, Cindie J. Greenbaum,* for appellant.
*Thomas J. Charron, District Attorney, J. Stephen Schuster,*

*Assistant District Attorney,* for appellee.