## 60969. SMITH v. THE STATE.

McMURRAY, Presiding Judge.

This case involves the unlawful possession of marijuana, said possession allegedly being with intent to distribute. The defendant was convicted and sentenced to serve a term of 3 years. He appeals, following the denial of his motion for new trial based upon the general grounds. *Held:*

The enumerations of error are based on the sufficiency of the evidence to convict as to the possession and control of more than 1 ounce of marijuana. The defendant admitted in his testimony that he had just purchased "a nickel bag of reefer from the guy that was standing there . . ." When he saw the officers he turned and walked back inside an apartment and "throwed the nickel bag of reefer I had just purchased on the floor." However the officer (a detective in the narcotics squad) who testified against the defendant had a different story. He testified that he was on the "oatmeal operation" (under-cover operation) on the day in question; observed the defendant standing in a front yard with a manila envelope "which is commonly used in the sale of five dollar marijuana sales," at which point in time the defendant fled into an apartment with the officers close behind him and witnessed him drop a manila envelope on the floor "and a bag, a brown paper bag which fell from his person." The bag when recovered contained 21 manila envelopes, each containing a leafy material, 16 of which were examined and tested positive for marijuana, weighing 30 grams. In addition, the defendant admitted to the detective that he had purchased the marijuana a couple of nights before and was "just trying to make a little money."

In consideration of the general grounds the defendant admitted the possession of a "nickel bag" of marijuana but contends that he did not possess the other marijuana and another officer found the bag of

marijuana under the bed in the apartment. Thus we have the admission of the defendant as to the possession of less than 1 ounce of marijuana but he did not admit possession of a quantity sufficient to establish a case of possession with intent to distribute.

Nevertheless, after a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at the trial proof of the guilt of the defendant beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Jones v. State,* 154 Ga. App. 806 (270 SE2d 201). The trial court did not err in denying the motion for new trial based on the general grounds as the evidence was sufficient to support the verdict of guilty. *Allen v. State,* 150 Ga. App. 109, 111 (257 SE2d 5) and *Johnson v. State,* 231 Ga. 138, 139 (1) (200 SE2d 734).

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted November 3, 1980 — Decided November 17, 1980.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.