### 61712. SMITH v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and tried for 3 counts of violation of the Georgia Controlled Substances Act. Count 1 involved the unlawful sale of cocaine to an undercover agent on March 29, 1979. Count 2 involved the unlawful possession and control of cocaine on January 24, 1980, and Count 3 involved the unlawful possession of less than 1 ounce of marijuana, a misdemeanor, on the same date as Count 2.

Defendant was tried and found not guilty as to Count 1 but guilty as to Counts 2 and 3. As to Count 2 he was sentenced to serve 10 years, 8 to serve, the balance to be probated. As to Count 3, he was sentenced to serve 12 months, the same to run concurrently with the sentence in Count 2.

A general motion for new trial and a motion for judgment notwithstanding the verdict with reference to Count 3 only were filed. After a hearing, the trial court granted the motion for new trial as to the marijuana count (Count 3), and this charge was subsequently placed upon the dead docket. Motion for new trial as to Count 2 was denied, and the defendant appeals. *Held:*

The sole enumeration of error here involves the denial of the motion for new trial on the general grounds only. The substance of the state's testimony against the defendant was that on March 29, 1979, an undercover officer had purchased some cocaine from a man known to him as "Shack," while on the porch of an apartment located in the City of Atlanta, Fulton County, Georgia. Subsequently a warrant was obtained for the arrest of "Shack" but he could not be located. Thereafter, from leads obtained from informants and other sources, police officers were led to believe that "Shack" was staying at another apartment with a female. On January 24, 1980, the apartment was placed under surveillance. The telephone located in the apartment was called on several occasions and answered by a woman. Whereupon the police officer telephoning would ask for a fictitious person. That evening, however, a woman was seen leaving the apartment and on telephoning again a man answered. The police officer merely asked, "Shack," and the voice responded, "Yeah, what you want?" Immediately the officers rushed back to the apartment still under surveillance, knocked, and identified themselves and upon receiving no response from within then forced their way into the apartment. Entering the kitchen the defendant (identified by the undercover officer who had previously made the purchase of cocaine as being "Shack") was seen with a plate in his hand with a package of suspected cocaine thereon which he threw away with the plate (later identified, after it was recovered, as cocaine). He was then apprehended and charged. A small quantity of marijuana was also found on the premises (less than one-half ounce).

As the only count remaining for consideration here is that of the unlawful possession of cocaine, even though the defendant during the course of the trial of all three counts contended that he was not the person known as "Shack"; nevertheless, the jury had for consideration sufficient evidence to establish that he had a quantity of cocaine in a bag on the plate which he threw down when the officers entered the kitchen. Therefore, in consideration of the general

grounds of the motion for new trial, which was denied by the trial court, and based on the foregoing evidence with reference to the possession of the cocaine, after a careful review of the entire record and transcript, we find and so hold that a rational trier of fact could reasonably have found from the evidence adduced at the trial proof of guilt of the defendant beyond a reasonable doubt as to Count 2 (unlawful possession and control of cocaine). *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201). The enumeration of error alleging the trial court erred in denying the motion for new trial based on the general grounds is not meritorious.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 20, 1981.

*Lawrence Lee Washburn III,* for appellant.

*Lewis Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Charles Hadaway, Assistant District Attorneys,* for appellee.