## 61318. MARTIN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted along with two others for the offense of murder in causing the death of another human being by shooting him with a shotgun unlawfully and with malice aforethought. The defendant (mother) and her daughter (a co-defendant) were then jointly tried for the murder of defendant's so-called common law husband who lived with her. Defendant was convicted of voluntary manslaughter and her daughter "Shane" was convicted of involuntary manslaughter in the commission of an unlawful act. The defendant (mother) was sentenced to serve a term of 12 years. A motion for new trial was duly filed, heard and denied. Defendant appeals. *Held:*

1. The substance of the first two enumerations of error is that the voluntary manslaughter conviction could not stand when the uncontroverted evidence disclosed that the actual perpetrator (Shane) of the criminal act was found guilty of involuntary manslaughter, thereby finding defendant guilty of a crime that the jury also determined was not committed.

Of necessity, we are concerned with the substance of the evidence here and as to whether or not the court was authorized to charge the jury as to involuntary manslaughter in the commission of an unlawful act as to the alleged co-defendant (Shane) and not so charge the jury as to this defendant. Code Ann. § 26-802 (Ga. L. 1968, pp. 1249, 1271) authorizes the trial and conviction of parties who did not directly commit the crime, "upon proof that the crime was committed and that he [the defendant here] was a party thereto, although the person claimed to have directly committed the crime has not been prosecuted or convicted, or has been convicted of a different crime or degree of crime [the daughter Shane, convicted of involuntary manslaughter] . . ." Apparently the jury here convicted the daughter (Shane) upon the theory that she, in pointing the shotgun at the victim, and its discharge, was in the commission of an unlawful act when she caused the death of another human being without any intention on her part to do so, the unlawful act being other than a felony. However, the evidence introduced by the state established that the death of the victim (so-called common law husband of this defendant) resulted from a single gunshot wound inflicted by a shotgun fired inside the residence of the victim and the defendant. The defendant's daughter Shane was holding the shotgun which was pointed at the victim when the fatal shot was fired. At no time did the evidence put the weapon in the hands of this defendant. All parties present were under the influence of alcohol. A violent

argument had erupted between the parties concerning prior attempts by the victim to rape the daughter and that he was again threatening sexual assault. While there was considerable evidence which would have authorized a conviction of murder against this defendant, or for that matter, as to the co-defendant (Shane), we are only concerned here with testimony from which the jury could have determined that the daughter Shane was guilty of involuntary manslaughter while at the same time this defendant could be found guilty of voluntary manslaughter.

The co-defendant Shane testified that "when I got big enough, my mother [defendant] kind of always had a tendency to use me to get what she wanted." She also testified she was a former mental patient. She testified that the victim, while attempting a sexual assault upon her under the influence of alcohol, and this defendant were arguing over the victim's rape attempt on Shane, she (Shane) was holding the gun but did not recall it going off.

The defendant's daughter Shane, in obedience to the command of the defendant, became a conduit through which coursed the expressed criminal intent of defendant to "Shoot the son of a b . . . [expletive] and we'll both be rid of him." The acts of defendant's daughter, in shooting and killing the victim and coupled with the expressed criminal intent of defendant, which shooting and killing fulfilled defendant's expressed criminal intent, were thus the acts of the defendant. This comports with the finding of voluntary manslaughter, a killing resulting from a sudden, violent and irresistible passion upon serious provocation. In light of the events transpiring before and during the shooting and death of the victim, defendant's ordering her daughter (co-defendant Shane) to shoot the victim supports a finding that the defendant, through her orders to her daughter, committed the offense of voluntary manslaughter.

After carefully reviewing the entire record and transcript we are of the opinion that the trial court did not err in denying the motion for new trial as a rational trier of fact could reasonably have found from the evidence adduced at the trial proof of guilt of the defendant beyond a reasonable doubt as to the offense of voluntary manslaughter. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201).

2. The evidence here disclosed that the reason for the conviction of the co-defendant (Shane) of the lesser offense of involuntary manslaughter in the commission of an unlawful act was based upon the fact that the shotgun was discharged while she was pointing it at the defendant, thus in the commission of an unlawful act, a

misdemeanor.

However, as to this defendant, there was no written request made to charge on the lesser offense of involuntary manslaughter as defined in Code Ann. § 26-1103 (Ga. L. 1968, pp. 1249, 1276); *Simpson v. State,* 150 Ga. App. 814, 820 (2) (258 SE2d 634); *Brown v. State,* 150 Ga. App. 831, 834 (4) (258 SE2d 641). In such a case it is axiomatic that there is no error in refusing to charge on a lesser included offense under the circumstances. See *McClenton v. State,* 150 Ga. App. 573, 574-575 (4) (258 SE2d 168); *State v. Stonaker,* 236 Ga. 1, 2 (2) (222 SE2d 354); *Walston v. State,* 245 Ga. 572, 575 (3) (266 SE2d 185); *Robinson v. State,* 150 Ga. App. 642, 643 (4) (258 SE2d 294). There is no merit in the complaint that the trial court erred in failing to charge on the elements of the crime of involuntary manslaughter with reference to this defendant. This enumeration of error is not meritorious.

*Judgment affirmed. Quillian C. J., and Pope, J., concur.*

DECIDED MAY 21, 1981 —
REHEARING DENIED JUNE 22, 1981

*Charles F. Harris,* for appellant.

*Lewis R. Slaton, District Attorney, Margaret V. Lines, Joseph J. Drolet, R. Michael Whaley, Assistant District Attorneys,* for appellees.

## ON MOTION FOR REHEARING.

On motion for rehearing, defendant (appellant) contends a written request to charge on the lesser offense of involuntary manslaughter by both defendant Martin and co-defendant Cranford was submitted during the jury charge conference. Defendant Martin further contends that counsel for defendant Martin and counsel for co-defendant Cranford, "combined their written requests to charge, eliminated some duplications, and stated to the trial judge 'to take out the ones we saw were obvious duplications and submit one package on behalf of both of us.'"

Our review of the record and transcript fails to disclose that such written request on involuntary manslaughter on behalf of the defendant Martin was transmitted to this court as a part of the record by the trial court. Counsel for defendant Martin has submitted to this court, along with defendant Martin's motion for rehearing, an *unfiled* (in the trial court) written request that, "I charge you that involuntary manslaughter is committed when one in the commission of an unlawful act kills a human being unintentionally, and when one

in the commission of a lawful act without due caution and circumspection kills a human being unintentionally. *Wright v. The State,* 199 Ga. 576 (5) (34 SE2d 879) [1945]." We are unable to consider matters outside the record and transcript.

The trial court clerk (deputy) has submitted a certification to this court that the foregoing request to charge was not presented to the trial judge during the trial and cannot be certified to and transmitted to be included in the record on appeal. We cannot hold that any such written request to charge was made in the case sub judice.

*Motion for rehearing denied.*