D<small>ECIDED</small> J<small>UNE</small> 16, 1981.

*Herbert A. Rivers, Solicitor, Robert F. Webb,* for appellant.

*Jean E. Johnson, Jr., F. Gentry Shelnutt, Jr., David Cook,* for appellee.

37370. CAMDEN TELEPHONE & TELEGRAPH COMPANY, INC. v. CITY OF ST. MARYS et al.

G<small>REGORY</small>, Justice.

The issues in this case are whether or not the City of St. Marys has the authority to impose the tax in question upon Camden Telephone & Telegraph Company, Inc., and if so, must the City first obtain the consent of the Public Service Commission.

In 1955 the city granted the company a 35-year franchise to operate a telephone system within the city. The city required the company to pay a license fee each year as a part of its general business license ordinance. In 1979 this fee was $65. During 1979 the city amended its business license ordinance so as to exclude telephone companies and enacted a new ordinance designated an occupational-license tax to be paid by each telephone company operating in the city. The amount of the new tax was 3% of the recurring local service revenues received from subscribers located within the city. Evidence indicated the tax would generate revenue in the approximate amount of $500 per month. The assent of the Public Service Commission to the enactment of the ordinance was not obtained.

The company declined to pay the tax. The city notified the company of its intention to issue a fi. fa. and levy on the property of the company. The company filed a complaint in superior court seeking an injunction to prevent the collection of the tax and asking the court to declare the ordinance void and unenforceable. The city responded with an answer and a counterclaim seeking to recover the tax due.

After considerable discovery the matter came on before the court for a bench trial. The court entered findings of fact, conclusions of law and its judgment. The judgment denied the relief sought by the company and required payment of the tax.

1. The company contends the validity of the ordinance hinges

upon whether the assent of the Public Service Commission was obtained. For authority Code Ann. § 93-304 is cited. This section provides in pertinent part: "The powers and duties conferred by law prior to August 23, 1907, upon the Public Service Commission and its authority and control shall extend to street railroads and street railroad corporations, and companies or persons owning, leasing, or operating street railroads in this state: provided, however, that nothing herein shall be construed to impair any valid contract between any municipality and any such company in force on that date: and Provided, that this section shall not operate to repeal any municipal ordinance existing on such date; nor shall it impair nor invalidate any contract or ordinance of any municipality, made or adopted since that date, as to the public uses of such company, that shall receive the assent of the Public Service Commission; . . . and to telegraph or telephone corporations, companies, or persons owning, leasing, or operating a public telephone service or telephone lines in this state . . ."

The company takes the position this authority and control vested in the Public Service Commission invalidates any municipal ordinance adopted since August 23, 1907 as to the public uses of a telephone company unless the Public Service Commission shall assent thereto. This is the import of the statute. Thus, we must determine if the ordinance under attack is an ordinance, "as to the public uses" of the telephone company. We hold that it is not.

In *City of Atlanta v. Ga. R. &c. Co.,* 149 Ga. 411, 414 (100 SE 442) (1919) we assumed, without deciding, "that the words 'public uses', as employed" in the statute comprehend rates the company may charge the public. We have held that the Public Service Commission is authorized under its power to set rates to dictate the consequences of charges imposed by a municipality in connection with its franchise agreement with a public utility. That is, the Public Service Commission may determine whether or not the charge may be passed on to customers of the utility. *City of Lithonia v. Ga. Public Svc. Comm.,* 238 Ga. 339 (232 SE2d 832) (1977). We hold that an ordinance imposing a tax upon a percentage of the revenues of a telephone company is not an ordinance as to the public uses of the utility. The tax is a factor the Public Service Commission may take into account in setting rates to be charged by the utility. In that manner the consequences of the tax as to the public uses of the telephone system remain within the control of the Public Service Commission. The city has not passed an ordinance as to the public uses of the company.

2. The company contends the city lacks the authority to impose the tax in question. We have long recognized that the basic power to

tax belongs to the state. For a municipality to possess this power it must be conferred upon the municipality either directly in the constitution or by statute. It must be conferred in "plain and unmistakable terms." *Southern Express Co. v. R. M. Rose Co.,* 124 Ga. 581, 588 (53 SE 185) (1905); *Lewis & Holmes Motor Freight Corp. v. City of Atlanta,* 195 Ga. 810 (25 SE2d 699) (1943). We observe that the tax imposed upon the company is a business or occupation tax because it is measured by a certain category (recurring local service) of gross revenues, and because it is imposed upon the operation of the business rather than comprising a condition precedent to engaging in the business (a license fee). *Pharr Rd. Inv. Co. v. City of Atlanta,* 224 Ga. 752, 754 (164 SE2d 803) (1968); *Inter-City Coach Lines v. Harrison,* 172 Ga. 390, 396 (157 SE 673) (1930); *Peginis v. City of Atlanta,* 132 Ga. 302, 303 (63 SE 857) (1909); *Mutual Reserve Fund Life Assn. v. City Council of Augusta,* 109 Ga. 73, 75 (35 SE 71) (1899). The trial court concluded that the charter of the city conferred the necessary authority to impose this business tax. We agree. The charter provision is as follows:

"Be it further enacted by the authority aforesaid, that the said mayor and city council shall have the right and power in order to raise necessary revenue to properly carry on the government of said city ... to impose and collect such tax as they, the city council, may deem necessary and proper upon all trades, business, callings, professions, sales, labor and pursuits, which are legal subjects of taxation and may enforce the payment of same by license or direct tax in such manner as they may determine to be best and most advantageous." Ga. Laws, 1956, pp. 2426, 2428.

This charter provision gives the city authority to impose such tax upon a business as council deems necessary. These are plain and unmistakable terms. They include authority to impose the business tax in question.

The company contends the language giving the authority is limited by the enforcement clause. That is, the words, "and may enforce the payment of same by license or direct tax" are a limitation on the words "such tax ... as council deems necessary". We do not agree. We interpret the enforcement clause as a legislative expression that, whatever type tax is deemed necessary and proper, payment of the tax may be enforced either by use of the licensing authority or as a direct tax may be enforced. This clarifies the city's power to use the procedure of licensing as a revenue raising device even though licensing is generally thought of as a method of regulation. *Pharr Rd. Inv. Co. v. City of Atlanta,* supra. Furthermore, we interpret the word "may" to denote permission. *Georgia, Fla. &c. R. Co. v. Sasser,* 130 Ga. 394 (60 SE 997) (1908). The enforcement clause is therefore

permissive only. It in no way limits the expression that the city may impose and collect such tax as the council shall deem necessary and proper upon a business.

*Judgment affirmed. All the Justices concur, except Jordan, C. J. who dissents as to Division 1.*

DECIDED JUNE 16, 1981.

*Harrison, Altman, Eddings & Berry, Robert W. Harrison, Jr., Stephen L. Berry,* for appellant.
*Smith & Perry, Michael Perry,* for appellees.
*Walter E. Sumner, E. Kenneth Jones,* amicus curiae.