### 62162. HILL v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was charged by an indictment in four counts. Counts 1 and 2 charged the offense of aggravated assault upon the person of Troy Robert Pullen and upon the person of Ray Hill. Count 3 charged the defendant with the offense of carrying a concealed weapon, and Count 4 with the offense of carrying a pistol without a license. The jury returned a verdict of guilty of simple battery as to Count 1; and guilty as charged on Counts 2, 3 and 4. Defendant appeals, enumerating as error the general grounds of his motion for new trial.
*Held:*

The state's evidence shows that Troy Pullen, Ray Hill (apparently no relation to defendant Hill), Rosa Lee Ball, and Linda Wells had been fishing together when they stopped at a fast food restaurant. At the restaurant Linda Wells had apparently exited the vehicle when defendant approached the van in which her three companions were seated. Linda Wells and the defendant have two children, although the nature of their marital status is in doubt, defendant testifying on direct examination that she was his common law wife, but stating on cross examination that he was not married to her. Additionally, the testimony of Linda Wells suggested that defendant may have been married to another.

As to Count 1, the state's evidence shows that the defendant, as he approached the vehicle, asked Troy Pullen, "what the hell was going on?" Troy Pullen responded, "Nothing, we've been fishing." Troy Pullen testified that he then turned to say something to his companions in the vehicle, at which time the defendant hit him in the face with his fist and "busted my nose open . . . it almost blinded me . . ."

There was additional testimony by the companions in the van of the defendant striking Troy Pullen about the head with his fist and with a pistol.

As to Count 2, the state's evidence is that immediately after striking Troy Pullen the defendant began firing into the van at Ray Hill a number of times with a pistol. Ray Hill testified that when the defendant began firing into the van he got a shotgun which was in the van and got out of the vehicle and was running into the street when a shot hit him in the back of his leg, causing him to fall. Ray Hill testified that he tried to hop up on top of a car coming down the street and that the car struck him and also a second shot struck him in the back at about the same time; that he was lying on the street when defendant went back to the trunk of his car and got a shotgun and said, "I'll kill you." The defendant was standing over Ray Hill with a shotgun when police arrived.

As to Count 3, one of the arresting police officers testified that after taking defendant into custody and before putting him into his vehicle he asked defendant if he had any other weapon on him. Defendant reached into his right *front* pocket and began pulling out a pistol. The officer testified that prior to his demand for any other weapons the pistol was concealed in defendant's pocket and not visible to the naked eye.

As to Count 4, the officer testified that after finding the concealed pistol on the defendant he asked defendant if he had a valid license to carry the pistol. Defendant replied that he did not.

Defendant testified that the companions' frequent fishing trips were "a little hanky panky," and admitting striking Troy Pullen about the head with his fist and with a pistol. Defendant testified that his firing of the pistol into the van was in response to the actions of Ray Hill's pointing a shotgun in his direction; that he stated several times, "Don't you do that," and that Ray Hill started trying to come out of the van and after warning him (Hill) several more times he (defendant) fired twice at him. Defendant testified that he intended to shoot Ray Hill as "he's trying to come outside to get where I am, and I think I'm supposed to try and stop him." The defendant admitted on cross examination that he had the pistol concealed in his right *back* pocket and that he had no valid license issued by the judge of the probate court of the county of his residence to carry a gun. These charges were clearly admitted by the defendant at trial.

After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offenses of simple battery on the person of Troy Pullen, aggravated assault on the person of Ray Hill, carrying a

concealed weapon and carrying a pistol without a license. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 25, 1981.

*Robert C. Ray,* for appellant.
*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, R. Matthew Weathers,* Assistant District Attorneys for appellee.