S90A1678. SEARS, ROEBUCK & COMPANY v. PARSONS et al.
(401 SE2d 4)

HUNT, Justice.

This case presents a constitutional challenge to a contingency fee contract between the Chatham County Board of Tax Assessors and Atlantic Resources, Inc., a private auditing corporation. Sears appeals from the denial of the major portion of its motion for summary judgment, and the grant of the major portion of the Board and Atlantic's motion for summary judgment.

The agreement between the Board and Atlantic provides that Atlantic will audit tangible personal property returns provided by the county's chief assessor and, if the audit results in an increased valuation, Atlantic will receive 35 percent of any additional amount collected, plus 100 percent of all first-year penalties collected. Sears, a "designated tax payer" chosen by the Board for audit, brought this declaratory action, arguing the agreement is illegal and should be declared void. Sears argued the agreement allows Atlantic to act as a tax "bounty hunter," operating with the Board's full power and authority.

We agree with the trial court that OCGA § 48-5-298 (a) (3)[1] expressly allows the Board, subject to the approval of the county governing authority, to contract with entities, such as Atlantic, to

---

[1] That section provides:
    (a) Each county board of tax assessors . . ., subject to the approval of the county governing authority, may enter into employment contracts with persons to:
    . . .
    (3) Search out and appraise unreturned properties in the county.

"[s]earch out and appraise unreturned properties in the county. . . ." Nevertheless, we hold the contract void as against public policy, not because of the services performed, but because of the contingency scheme of compensation for those services.

The power to tax rests exclusively with the government. See *Camden Tel. &c. Co. v. City of St. Marys*, 247 Ga. 687, 688 (2) (279 SE2d 200) (1981). In the exercise of that power, the government by necessity acts through its agents. However, this necessity does not require nor authorize the creation of a contractual relationship by which the agent contingently shares in a percentage of the tax collected, and we hold that such an agreement offends public policy. The people's entitlement to fair and impartial tax assessments lies at the heart of our system, and, indeed, was a basic principle upon which this country was founded. Fairness and impartiality are threatened where a private organization has a financial stake in the amount of tax collected as a result of the assessment it recommends. See OCGA § 13-8-2 (a).[2]

Accordingly, Sears' motion for summary judgment should have been granted.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*Smith, Gambrell & Russell, E. Kendrick Smith, John A. Blackmon,* for appellant.

*Brennan, Harris & Rominger, Edward T. Brennan, David E. Hudson, Emily Garrard,* for appellees.

---

[2] We recognize the competing policy favoring freedom and enforceability of contracts, but decide it is secondary in this case. See *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 337 (1), fn. 4 (329 SE2d 136) (1985), for a discussion of the subject of public policy.

Of course, the legislature is empowered to declare public policy contrary to what we have expressed here. At least two states have done so, specifically authorizing their tax commissioners to enter into contracts on a contingent-fee basis with private entities for the purpose of collecting delinquent taxes. See North Dakota Century Code Ann. § 57-22-29; and Revised Statutes of Nebraska §§ 77-377.01 and .02 (such contracts authorized to collect delinquent taxes from taxpayers not residing in the state). However, in the absence of such express legislation, we cannot condone the contract at issue in this case.