A03A0299. PABEY v. STATE OF GEORGIA.
(585 SE2d 200)

ADAMS, Judge.

Stephanie Pabey a/k/a Myong Chin Lee appeals from the trial court's denial of her motion for summary judgment as to claims asserted against her by the state in a civil forfeiture action under the Georgia Racketeer Influenced and Corrupt Organizations Act, OCGA § 16-14-1 et seq. In connection with that action, the state seized certain of Pabey's assets, which were alleged to have been used to violate the RICO statute in connection with VIP Massage, the massage parlor she ran in Camden County.

Under OCGA § 16-14-7 (b), civil forfeiture proceedings are governed by the Georgia Civil Practice Act, OCGA § 9-11-1 et seq.,

"except to the extent that special rules of procedure are stated in this chapter." Because no special rules exist within the RICO chapter regarding motions for summary judgment, OCGA § 9-11-56 governs Pabey's motion. To succeed on her motion under that statute, therefore, Pabey must point to an absence of evidence to support the state's case, at which point the burden shifts to the state to point to specific evidence in support of its claims:

> A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Footnote omitted.) *Tronitec, Inc. v. Shealy*, 249 Ga. App. 442, 444-445 (1) (c) (547 SE2d 749) (2001).

The RICO statute provides that "[i]t is unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." OCGA § 16-14-4 (a). Under the Act, "pattern of racketeering activity" means engaging in "at least two acts of racketeering activity . . . that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents. . . ." OCGA § 16-14-3 (8); see also *Chancey v. State*, 256 Ga. 415, 417-418 (349 SE2d 717) (1986). "Racketeering activity" is defined to mean the commission of a crime in any of a number of specified categories of offenses, known as predicate acts. OCGA § 16-14-3 (9) (A).

Here, Pabey asserts that there is no evidence to show that she committed any of the predicate acts required to establish a RICO violation. To counter Pabey's argument, the state must establish that Pabey committed, directly or indirectly, two interrelated predicate acts in connection with VIP Massage. And the evidence upon which the state relies must meet the same standards of admissibility as evidence at trial. That means that evidence that would not be admissible at trial cannot be considered on a motion for summary judgment. *Hagan v. Goody's Family Clothing*, 227 Ga. App. 585, 586 (490 SE2d 107) (1997).

The state alleges that Pabey engaged in the predicate acts of

prostitution, federal money laundering, mail fraud, and Travel Act violations, both individually and in conspiracy with other massage parlor operators and employees, who were also named in the forfeiture action. In support of these allegations and in opposition to Pabey's motion, the state relies upon the affidavit of Major Darryl G. Griffis, as well as the depositions of Griffis and Tim Picard. But our review of the record fails to disclose that the Picard deposition was transmitted to this Court as a part of the appellate record by the trial court, nor did we find any evidence that the deposition was even made a part of the record below. This Court is unable to consider matters outside the record and transcript, and thus we cannot consider any references to the Picard deposition. *Martin v. State*, 159 Ga. App. 31, 33 (282 SE2d 656) (1981).

In his affidavit and deposition, Griffis states that VIP Massage, along with four other similar businesses, was the target of a two-year criminal investigation by the Camden County Sheriff's Office. The investigation was instigated after authorities received complaints of illegal sexual activity occurring at all of the massage parlors. Griffis asserts that his investigation revealed that all the massage parlors, including VIP Massage, recruited Asian female employees, advertised for customers in the sports section of the Florida Times Union near adult entertainment ads, advertised with billboards on Interstate 95, kept operating hours late at night, attracted almost entirely male patrons, and accepted credit cards.

With regard to VIP Massage, Griffis asserts in his affidavit that the massage parlor engaged in several business transactions with the other massage parlors. He stated that on one occasion, Sok Kim of VIP Massage paid for an ad in the Florida Times Union for the Health Spa, another massage parlor. On another occasion, he asserts that Pabey's co-defendant, Chong Buro, answered an ad for employment at VIP Massage, but was contacted in return by co-defendant, Tina Lee, the owner of the Health Spa. In another instance, Griffis states a taxicab took an Asian female from the Jacksonville airport to VIP Massage for employment, and then the following day took her on to New York Spa, another of the businesses under investigation. He also said that telephone records indicate that calls were made from both VIP Massage and New York Spa to an identical number in New York.

The state also contends that there was evidence that illicit sexual activity was occurring at VIP Massage. The Griffis affidavit states that the investigation located multiple witnesses who state that they received sexual services or the offer to perform such services at VIP Massage. In addition, Griffis stated that during the execution of a search warrant at VIP Massage, the state found, through

the use of black light, physical evidence of substantial amounts of semen in the massage rooms.

We find that this evidence is insufficient to meet the state's burden on summary judgment because Griffis's testimony is largely hearsay. "Hearsay is never admissible and has no probative value unless it comes within a recognized exception to the rule." (Citation omitted.) *Hagan v. Goody's Family Clothing*, 227 Ga. App. at 586.

We first address the allegation of prostitution. There is no competent evidence in the record to support a finding that Pabey was guilty of that crime. Griffis's references to statements by multiple witnesses regarding sexual activity at VIP Massage are clearly hearsay and come within no exception to that rule. Moreover, Griffis's statement in his affidavit that one of the VIP Massage employees had been arrested for prostitution was contradicted by his own deposition testimony that there had been no prior arrests at VIP. In any event, the state produced no documentation evidencing such an arrest, and without further foundation Griffis's statement regarding the arrest is hearsay. But even if such an arrest occurred, that evidence does not establish that Pabey herself was guilty of prostitution. First, there was no evidence that the employee was *convicted*. Second, there was no evidence that the employee was arrested in connection with her activities at VIP Massage.

Similarly, Griffis's testimony regarding the physical evidence of semen at VIP Massage was insufficient to establish that Pabey was guilty of prostitution. Griffis was not present when the search warrant was executed; rather, the black light examination was conducted by the Naval Investigative Service. Thus, Griffis's testimony on this evidence is hearsay. Moreover, Griffis testified that no further lab tests were performed to confirm that the substance detected by the black light was indeed semen.[1]

Nor do we believe that the state presented sufficient evidence to support the other alleged predicate acts. The record contains no documentation to support the state's allegations of money laundering and

---

[1] In addition, we note that there is no evidence as to when the semen was deposited in the rooms or how it came to be there when the search warrant was executed on September 11, 2001. This evidence could be crucial because up until March 27, 2001, a person committed the offense of prostitution when he performed or offered or consented to perform "an act of sexual intercourse for money." Ga. L. 1968, p. 1249, § 1, codified as OCGA § 16-6-9. An issue exists as to whether the old statutory language was broad enough to encompass masturbation for hire. It is, in fact, codified as a separate offense, OCGA § 16-6-16, which is not a predicate act under RICO. OCGA § 16-14-3 (9) (A). The 2001 amendment to the prostitution statute contains broader language, encompassing "a sexual act, including but not limited to sexual intercourse or sodomy, for money or other items of value." OCGA § 16-6-9; Ga. L. 2001, p. 92, § 3. Because this language could conceivably encompass masturbation for hire, the timing and nature of the acts that resulted in the semen could be crucial in determining whether the offense of prostitution had been committed.

mail fraud. Griffis testified that he had no credit card receipts for VIP Massage, although he did have sufficient credit card information to obtain the names of patrons. But that information is not contained in the record. Nor is there any competent evidence to support a Travel Act violation. Griffis's testimony regarding the transportation of the Asian female from the Jacksonville airport to VIP Massage came from an interview with a taxi driver and thus was hearsay.

The state has also failed to provide competent evidence to establish the necessary connection between VIP Massage and any of the other businesses to support the state's allegation of conspiracy:

> The State may prove a conspiracy by showing that two or more persons tacitly came to a mutual understanding to pursue a criminal objective. And the conspiracy may be inferred from the nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances.

(Citations and punctuation omitted.) *Edge v. State*, 275 Ga. 311, 313 (6) (567 SE2d 1) (2002). Here, there is no competent evidence to support a finding of either a mutual understanding or a criminal objective.

The state provided no documentation of the newspaper and billboard advertising, the telephone calls, or the credit card charges. Although Griffis described a check written from VIP Massage to the Florida Times Union that had the name "Health Spa" written on it, there is no copy of that check in the record. Moreover, Griffis stated that he did not know the purpose of the check. Similarly, the state failed to produce phone records showing that the spas called the same New York number, and, in fact, failed to even identify the phone number. Instead, Griffis described that information in his deposition as "just a small piece of probable cause during the search warrant." Accordingly, Griffis's testimony on these matters is hearsay, as well as a violation of the best evidence rule:

> The "best evidence" rule, embodied in OCGA § 24-5-4, means that, when the contents of a writing are material, the original of the writing must be produced or its absence accounted for. Green, Ga. Law of Evidence (4th ed.), § 100. Secondary evidence of the contents of a writing will be admissible "if an original writing is properly authenticated, its existence and admissibility shown, and its absence accounted for. . . ." Rumsey, Agnor's Ga. Evid. (3rd ed.), § 13-8. See also OCGA § 24-5-25.

(Footnote omitted.) *Clark v. State*, 271 Ga. 6, 11 (6) (515 SE2d 155)

(1999). Here, the state neither produced documentary evidence to support Griffis's statements nor accounted for the absence of such evidence.

In addition, Griffis's statements regarding the transportation of the Asian female from VIP Massage to the New York Spa was hearsay from his interview with the taxi driver. The same is true of Griffis's statement regarding Chong Buro's employment application to VIP Massage and the return call from the Health Spa. Griffis obtained that information from an interview with Chong Buro, and his testimony is therefore hearsay.

"Forfeiture of property is disfavored and the statutes permitting such are to be strictly construed and limited. [Cits.]" *Seaman v. State*, 196 Ga. App. 634, 635 (396 SE2d 525) (1990). Here, the state cannot simply rest upon the same allegations it asserted to establish probable cause for a search warrant. Rather, the state must present competent evidence to establish a jury issue regarding its right to forfeiture. Because the state failed to do so, Pabey's motion for summary judgment should have been granted.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 10, 2003.

*Michael B. Perry*, for appellant.
*Stephen D. Kelley, District Attorney, Jacquelyn L. Johnson, Assistant District Attorney*, for appellee.