**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 25, 2012**

# In the Court of Appeals of Georgia

A12A0692.  GREATER  GEORGIA  AMUSEMENTS,  LLC  v.
   STATE OF GEORGIA.

ANDREWS, Judge.

In July 2010, J. David Miller, District Attorney of the Southern Judicial Circuit, appointed Michael Lambros and Christopher Cohilas as special assistant district attorneys for the purpose of pursuing the State's claims against a number of Moultrie convenience stores. The contract hiring Lambros and Cohilas specified that they would receive fees in the amount of at least one-third of the gross amount recovered by them on behalf of the State. Moultrie police had seized six electronic gaming machines owned by appellant Greater Georgia Amusements, and the State filed a complaint for forfeiture against in rem defendants including these machines and for injunctive relief and receivership against in personam defendants R & R Quick Mart

and its owner, Pushpa Patel, alleging inter alia that the in personam defendants' provision of the machines violated the Georgia Racketeers and Corrupt Organizations Act ("Georgia RICO"), OCGA § 16-14-1 et seq.[1] Appellant moved to disqualify Lambros and Cohilas on the grounds that they were improperly appointed and that their contract and fee arrangements violated public policy, exceeded the authority of the District Attorney, and violated the Georgia Constitution. The trial court denied the motion to disqualify and issued a certificate of immediate review. Appellant filed an interlocutory appeal in the Supreme Court of Georgia, which transferred the case to this Court. We granted appellant's application for interlocutory review and now reverse on the ground that the contract employing Lambros and Cohilas is void as against Georgia public policy.

The contract at issue in this case provided that the district attorney would employ Lambros and Cohilas to represent the State "in connection with any and all civil claims it may have" against any persons or entities "arising out of the 2010

---

[1] In *Cisco v. State*, 285 Ga. 656 (680 SE2d 831) (2009), the Supreme Court of Georgia held that the forfeiture provision of Georgia RICO, OCGA § 16-14-7 (m), was unconstitutional "because it deprive[d] in personam forfeiture defendants of the safeguards of criminal procedure guaranteed by the United States and Georgia Constitutions." Id. at 658.

Gambling/RICO investigation" of eight convenience stores in Moultrie. The district attorney also agreed to pay Lambros and Cohilas

> an amount based upon the gross amount of money which they recover for the State of Georgia or on its behalf (which term shall include the fair market value of any property which may be recovered), in accordance with the following schedule:
>
> Thirty-three and one-third percent (33 1/3%) of the gross amount of any recovery made either by settlement or by suit, provided, however, that in the event of an appeal . . . , forty percent (40%) of the gross amount of any such recovery. However, it is understood that the [district attorney's office] is fully responsible for all court costs and other out-of-pocket expenses incurred by [Lambros and Cohilas] . . . in the investigation and prosecution of the State of Georgia's claim and that it will, from time to time, advance or reimburse [Lambros and Cohilas] for the same upon presentation of such bills for payment. . . .

The contract also provided that Lambros and Cohilas were authorized "to fully investigate any claims for which [they] represent" the district attorney and that the two could, "upon notification," withdraw from representation.

In its order transferring this case to this Court, the Supreme Court of Georgia noted that appellant had failed to obtain a ruling from the trial court on its constitutional claims. Accordingly, appellant raises only two arguments on this

3

appeal: that the District Attorney did not have the authority to appoint special assistants in this matter and that the contract employing Lambros and Cohilas is void as against public policy.

1. As a preliminary matter, we reject appellant's contention that the district attorney did not have the authority to appoint special assistants to assist in the prosecution of this complaint.

OCGA § 15-18-20 provides:

(a) The district attorney in each judicial circuit may employ such additional assistant district attorneys, deputy district attorneys, or other attorneys, investigators, paraprofessionals, clerical assistants, victim and witness assistance personnel, and other employees or independent contractors *as may be provided for by local law or as may be authorized by the governing authority of the county or counties* comprising the judicial circuit. The district attorney shall define the duties and fix the title of any attorney or other employee of the district attorney's office.

(b) Personnel employed by the district attorney pursuant to this Code section shall serve at the pleasure of the district attorney and shall be compensated by the county or counties comprising the judicial circuit, *the manner and amount of compensation to be paid to be fixed either by local Act or by the district attorney with the approval of the county or counties comprising the judicial circuit.*

4

(Emphasis supplied.)

In *State v. Cook*, 172 Ga. App. 433 (323 SE2d 634) (1984), we rejected the argument that a district attorney may not hire a special assistant in a particular matter without explicit approval from his county or counties:

> OCGA § 15-18-20 merely provides that the employment of additional general and ongoing staff members shall be a matter between the district attorney and the county or counties comprising his judicial circuit. *[The statute] do[es] not necessarily limit the authority of a district attorney so as to prohibit his appointment of a Special Assistant District Attorney in a specific case*, pursuant to whatever private arrangements regarding compensation are mutually agreeable to the district attorney and the appointee.

(Emphasis supplied.) Id. at 437 (2).

The contract at issue here is clear that Lambros and Cohilas were hired only for a specific purpose – that is, the Georgia RICO prosecution of a limited number of Moultrie convenience stores – and not as general employees, even within a class of cases. It follows that the district attorney was authorized to retain Lambros and Cohilas as independent contractors in this matter. *Cook*, 172 Ga. App. at 437 (2); compare *Clark v. Head*, 272 Ga. 104, 105-106 (526 SE2d 859) (2000) (assistant district attorney working for 20 years under annually renewed contracts was

5

employed not as an independent contractor under OCGA § 15-18-20 (a), but at the pleasure of the district attorney under OCGA § 15-18-14; contract was void for lack of county authorization).

2. The crux of this appeal is appellant's contention that the contingency fee contract under which Lambros and Cohilas were retained violates Georgia public policy.

Although we face this question for the first time, the Supreme Court of Georgia has expressly disapproved contingency fee arrangements for public employees, including independent contractors, charged with acting in the public interest. In *Sears, Roebuck & Co. v. Parsons*, 260 Ga. 824 (401 SE2d 4) (1991), the Court held that even though a board of tax assessors had the authority to contract with private entities to "search out and appraise unreturned properties," OCGA § 48-5-298 (a) (3), a contingency compensation scheme for those services was void as against public policy. Although "the government by necessity acts through its agents," this necessity neither required nor authorized "the creation of a contractual relationship by which the agent contingently shares in a percentage of the tax collected," with the result that the contingency scheme "offend[ed] public policy." Id. at 825.

The *Parsons* Court also commented that "[f]airness and impartiality are threatened where a private organization has a financial stake in the amount of tax collected as a result of the assessment it recommends." 260 Ga. at 825. The same concerns animate the law governing the employment of district attorneys as the State's representatives in seeking justice. As our Supreme Court has also held:

> In our criminal justice system, the district attorney represents the people of the state in prosecuting individuals who have been charged with violating our state's criminal laws. The responsibility of a public prosecutor differs from that of the usual advocate; *his duty is to seek justice, not merely to convict.* This special duty exists because the prosecutor represents the sovereign and should exercise restraint in the discretionary exercise of governmental powers. Therefore, the district attorney is *more than an advocate* for one party and has *additional professional responsibilities as a public prosecutor to make decisions in the public's interest.*

(Punctuation and citations omitted; emphasis supplied.) *State v. Wooten*, 273 Ga. 529, 531 (2) (543 SE2d 721) (2001); see also *Frazier v. State*, 257 Ga. 690, 694 (362 SE2d 351) (1987) (citing American Bar Association Canon 7 for the principle that a government lawyer "does not have the financial interest in the success of

departmental representation that is inherent in private practice" and is thus bound "to seek just results rather than the result desired by the client").[2]

It follows from these principles that a district attorney may not be compensated by means of a fee arrangement which guarantees at least the appearance of a conflict of interest between his public duty to seek justice and his private right to obtain compensation for his services. Such an arrangement is all the more repugnant in the context of Georgia RICO forfeiture actions, which can be brought only by the State

---

[2] We also note forthcoming OCGA § 16-1-12, passed by the Georgia Assembly as part of Senate Bill 181, signed into law by the Governor on May 2, 2012, and applying to "contracts entered on or after July 1, 2011":

> (a) In any forfeiture action brought pursuant to this title, an attorney appointed by the Attorney General or district attorney as a special assistant attorney general, special assistant district attorney, or other attorney appointed to represent this state in such forfeiture action *shall not be compensated on a contingent basis by a percentage of assets which arise or are realized from such forfeiture action*. Such attorneys shall also not be compensated on a contingent basis by an hourly, fixed fee, or other arrangement which is contingent on a successful prosecution of such forfeiture action.
>
> (b) Nothing in this Code section shall be construed as prohibiting or otherwise restricting the Attorney General or a district attorney from appointing special assistants or other attorneys to assist in the prosecution of any action brought pursuant to this title.

(Emphasis supplied.) See http://www.legis.ga.gov/legislation/en-US/Display /20112012/SB/181 (accessed May 8, 2012).

8

and are "disfavored" under Georgia law. See *Patel v. State of Ga.*, 289 Ga. 479, 482 (1) (713 SE2d 381) (2011); *Pabey v. State of Ga.*, 262 Ga. App. 272, 277 (585 SE2d 200) (2003).

For the above reasons, we conclude that the contingency fee arrangement under which Lambros and Cohilas were retained is void as against Georgia public policy. The trial court thus erred when it denied appellant's motion to disqualify.

*Judgment reversed. Doyle, P. J., concurs. Boggs, J., concurs in the judgment only.*